ELGIN, JOLIET & EASTERN RAILWAY COMPANY, Plaintiff-Appellee,

v.

BROTHERHOOD OF RAILROAD TRAINMEN et al., Defendants-Appellants.

Nos. 13445, 13447.

United States Court of Appeals Seventh Circuit.

May 3, 1962.

Rehearing Denied June 7, 1962.

John J. Naughton, Burke Williamson, Jack A. Williamson, Adams Williamson & Turney, Chicago, Ill., Heiss, Day and Bennett, Cleveland, Ohio, Elliott, Shuttleworth & Ingersoll, Cedar Rapids, Iowa, for defendants-appellants.

Paul R. Conaghan, Richard B. Ogilvie, Jerome Gilson, J. R. Marsh, Ray F. Drexler, Chicago, Ill., for plaintiff-appellee. Stevenson, Conaghan, Hackbert, Rooks & Pitts, Chicago, Ill., of counsel.

Before DUFFY, KNOCH and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

This is a companion case to No. 13444 wherein Elgin, Joliet & Eastern Railway Company is the plaintiff-appellant and the three brotherhoods, Brotherhood of Railroad Trainmen (BRT), Brotherhood of Locomotive Firemen and Enginemen (BLFE) and Order of Railway Conductors and Brakemen (ORCB), are the defendants-appellees. That action was brought to restrain a strike scheduled to commence on May 20, 1961. A temporary restraining order was entered on May 19, 1961, and was continued in effect by agreement of the parties, pending final action by the District Court after a hearing on the merits. Such a hearing was held. Thereafter, the District Court vacated and dissolved the temporary restraining order, denied plaintiff's application for a permanent injunction, and dismissed the suit.

Plaintiff Railway Company promptly filed a notice of appeal. On June 22, 1961, on motion of the plaintiff, the District Court entered an order enjoining defendants from striking pending plaintiff's appeal. The Court found "the equities of the general public greater than those of the defendants," and that the issues include matters of first impression on which no settled rules have been laid down. The brotherhoods appealed from the order granting the injunction pending plaintiff's appeal.

Although the instant appeals and the appeal in No. 13444 were argued before us on the same date, the brotherhoods urge that the opinion in this case be handed down first, pointing out that if we first decide the issues in No. 13444, the important issue which they raise in the instant appeals would be moot.

Section 10 of the Norris-LaGuardia Act (29 U.S.C.A. § 110) requires that all appeals from the issuance of a temporary injunction in a labor dispute be given precedence over all other appeals except older matters of the same character.

This case involves and grows out of a labor dispute. The parties are an employer and its employees. The injunction here in question is limited by its terms to the time required for a decision by this Court and it is, in fact, a temporary injunction. The Norris-LaGuardia Act applies to "any" temporary injunction in a labor dispute. We think the brotherhoods are entitled to have the decision in the instant appeals handed down prior to our decision in No. 13444, 7 Cir., 302 F.2d 540.

The question presented by these appeals is, indeed, perplexing. No case has been cited to us, and we know of none, which has specifically ruled on the issue here presented. The precise question was raised in this Court in Chicago & North Western Railway Co. v. Order of Railroad Telegraphers et al., 7 Cir., 264 F.2d 254. However, in that case, we held a permanent injunction should have been granted, and we did not decide the point here at issue.

Upon appeal of the Telegraphers' case, the Supreme Court stated, 362 U.S. 330, 342, 80 S.Ct. 761, 4 L.Ed.2d 774: "There are other subsidiary questions raised with reference to the validity of * * * an injunction pending appeal under Rule 62(c) of the Federal Rules of Civil Procedure. But since we have determined the main controversy between the parties, we think it inadvisable to decide either of these questions now. We intimate no opinion concerning either at this time."

Section 4 of the Norris-LaGuardia Act (29 U.S.C.A. § 104) provides, in part: "No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons * * * from * * * (a) Ceasing or refusing to perform any work or to remain in any relation of employment;" and "(i) Advising, urging, or otherwise causing or inducing without fraud or violence the acts heretofore specified."

■ This language of Section 4 seems clear and unambiguous. However, Rule 62(c), F.R.Civ.P., 28 U.S.C.A., which has the effect of a statute (Winsor v. Daumit, 7 Cir., 179 F.2d 475, 477), provides in part: "(c) Injunction Pending Appeal. When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party."

Consideration must also be given to the effect, if any, of Rule 65(e) and Rule 82, F.R.Civ.P. Rule 65 is entitled "Injunctions" and provides, in part: "(e) Employer and Employee; * * * These rules do not modify any statute of the United States relating to temporary restraining orders and preliminary injunctions in actions affecting employer and employee; * * *."

Rule 82 provides: "Jurisdiction and Venue Unaffected. These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein."

The various rules are entitled to equal respect. If possible, they should be given an interpretation which makes them consistent with each other. In our view, Rules 65(e) and 82, F.R.Civ.P. must be considered as qualifying the authority granted in Rule 62(c), F.R.Civ.P.

A recent case with somewhat similar facts is Chicago, Rock Island & Pacific Railroad Co. et al. v. Switchmen's Union of North America, et al., 2 Cir., 292 F.2d 61. The Railroad sued to enjoin a strike involving a major dispute over wages. The carrier pointed out the Switchmen's constitution provided for arbitration and contended the calling of the strike violated the Railway Labor Act and thus the union did not act in good faith. A temporary injunction was issued on the ground the union had not engaged in good faith efforts to reach a final agreement. The union appealed on the ground the Norris-LaGuardia Act withdraws jurisdiction from the district court to enjoin the strike. The carrier contended the temporary injunction should stand in the absence of a showing that it was clearly erroneous.

The Court of Appeals held that Section 4 of the Norris-LaGuardia Act withdrew jurisdiction to enjoin the strike. The Court said, 2 Cir., 292 F.2d 61, 71:

"Beyond this, whatever the general rule as to the scope of review

of temporary injunctions may be, no such principle as plaintiffs advocate can be applicable to a claim that such an injunction transgresses the command of § 4 of the Norris-LaGuardia Act. That section uses the most emphatic words possible—'No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction' against a peaceful strike. To overcome that bar plaintiffs had the burden of showing, as a matter of law, that the broad command of § 4 is subject to an exception when a union has violated its duties under the Railway Labor Act and, as a matter of fact, that the defendant here had done that. They were obliged to meet that burden, not simply to show they might be able to meet it; until they met it, the court was without power to issue an injunction whether temporary or permanent." (footnote omitted)

True, there is a distinction from the case at bar. The Rock Island case was an appeal from a temporary injunction pending a hearing on the merits, while the instant case is a temporary injunction pending an appeal. However, unless some distinction can be drawn between the impact of the Norris-LaGuardia Act on an injunction issued *pendente lite* and a temporary injunction pending a hearing on appeal, the holding of the Second Circuit provides a guide for a decision on the issue before us.

Another case which might also be distinguished but, nevertheless, furnishes some guidance is Brotherhood of Railroad Trainmen, Local Lodge No. 721 et al. v. Central of Georgia Railway Company, 5 Cir., 229 F.2d 901. There, the carrier sought injunctive relief. A temporary injunction was issued *pendente lite*, enjoining the union from endeavoring by self help (a strike) to effect a modification of an award. The District Court held it was necessary to preserve the *status quo* pending a decision of the controversy before the Railroad Adjust-

ment Board. The Court of Appeals reversed, holding the Norris-LaGuardia Act deprived the District Court of jurisdiction to enjoin a strike even if all that was sought was to preserve the *status quo* of the controversy before the Railroad Adjustment Board pending a decision by that Board.

■ In the case at bar, the issues were decided in favor of the unions. The Court held the carrier was not entitled to an injunction restraining the strike. However, by granting the injunction pending the appeal, the unions were restrained from carrying out the strike which they had called. The injunction was issued at the expense of the unions. In our view, the sweeping provisions of the Norris-LaGuardia Act deprived the District Court of jurisdiction to issue the temporary injunction pending the appeal.

■ The carrier suggests a labor dispute no longer exists. The unions do not have their pension plan and they were deprived of their right to strike. We hold the labor dispute does exist.

The temporary injunction issued pending appeal should not have been entered. The provision in the judgment restraining the brotherhoods from striking pending appeal should be stricken.

Reversed.

KNOCH, Circuit Judge (concurring).

The Norris-LaGuardia Act as it now reads dictates the foregoing decision under the admitted facts of this particular case.

In other cases, almost invariably, when an appeal is taken, methods are available to maintain the status quo until the issues are resolved with ample provisions to protect all parties. There is, seemingly, inherent unfairness in a situation of this type where a reversal on appeal would represent an empty victory for the appellant.

However, this situation should not be remedied by judicial edict, but rather by Congressional consideration.