324 F.2d 902
 The ATCHISON, TOPEKA AND SANTA FE RAILROAD COMPANY, a Kansas corporation, Plaintiff-Appellant,
v.
BROTHERHOOD OF RAILROAD TRAINMEN, a voluntary association, General Grievance Committee, Brotherhood of Railroad Trainmen, The Atchison, Topeka and Santa Fe Railway Company, a voluntary association, B. W. Fern and S. Vander Hei, Defendants-Appellees.
 No. 14162.
 United States Court of Appeals Seventh Circuit.
 November 14, 1963.
 Rehearing Denied December 18, 1963.
 
 C. George Niebank, Jr., Starr Thomas, W. J. Swartz, Chicago, Ill., for appellant.
 John J. Naughton, Chicago, Ill., for appellee.
 Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 The Atchison, Topeka and Santa Fe Railway Company, a Kansas corporation, plaintiff, has appealed from an order of the district court entered April 10, 1963, denying its motion for injunction pending appeal under 28 U.S.C.A. Rule 62(c), in a case between the same parties. Said latter appeal was filed in this court as No. 14085, 7 Cir., 324 F.2d 899, and an opinion has this day been filed therein.
 
 
 2
 In this court plaintiff contends that it and other railroads are discriminated against, because of our decision in Elgin, J. & E. Ry. Co. v. Brotherhood of Railroad Trainmen, 302 F.2d 545 (1962) cert. den., 371 U.S. 823, 83 S.Ct. 42, 9 L.Ed.2d 63 (1962), in which it says we ruled that the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., forbids a district court to issue to an employer in the position of plaintiff an injunction to preserve the status quo pending appeal from an adverse decision of the court on a question whether a threatened strike would violate the Railway Labor Act. Plaintiff asserts that later we ruled in Brotherhood of Locomotive Engineers, et al. v. Baltimore & Ohio R. Co., et al., 310 F.2d 513 (1962) that the Norris-LaGuardia Act does not prevent issuance of an injunction pending appeal, in favor of a labor organization, where it seeks to appeal a district court ruling that proposed railroad employer action does not violate the Railway Labor Act. It protests that the net of these two decisions is that a railroad can not secure an injunction to preserve the status quo pending appeal, but a labor organization representing that railroad's employees can secure such relief. It takes the position that this discrimination in the availability of appellate review effected by the Norris-LaGuardia Act denies Santa Fe the due process of law guaranteed to it by the fifth amendment to the Constitution of the United States.
 
 
 3
 In No. 14085, we have recognized and applied the doctrine of abstention in view of the fact that Congress, by the enactment of Public Law 88-108 on August 28, 1963, has put in operation a plan for disposition of the controversy between the railroads and the labor organizations, including the parties hereto (the national case).
 
 
 4
 There is no denial by counsel for defendants that Public Law 88-108 commands that no such labor organization shall engage in any strike over any dispute arising from any of the notices described in the Law. In fact, at page 12 of their brief in No. 14085, they virtually recognize that it would be unlawful for defendants to strike over matters within the scope of the national notices before February 25, 1964.
 
 
 5
 In view of these considerations, in No. 14162 we abstain from remanding this cause to the district court for the purpose of exercising its discretion in the matter of issuing on plaintiff's behalf an injunction pending appeal, as requested by plaintiff in its brief here. On or after February 25, 1964, plaintiff shall be at liberty to reapply to this court for such an order of remandment to the district court, or to apply here for any other order authorized under rule 62. In either event, we shall dispose of the matter when then presented, according to law.
 
 
 6
 An order will be entered continuing generally No. 14162.
 
 
 7
 Continued generally.