**J. WEINGARTEN, INC., Plaintiff,**

v.

**Clifford W. POTTER, Regional Director of the Twenty-Third Region of the National Labor Relations Board, Defendant.**

**Civ. A. No. 64-H-281.**

United States District Court
S. D. Texas,
Houston Division.

Sept. 25, 1964.

Fulbright, Crooker, Freeman, Bates & Jaworski, L. G. Clinton, Jr., Houston, Tex., for plaintiff.

David E. Davis, Regional Atty., for the National Labor Relations Board, Region 23, Houston, Tex., for defendant.

NOEL, District Judge.

This case is before the Court upon the motion of the defendant to dismiss, contesting the jurisdiction of the Court to consider an order issued by a Regional Director of the National Labor Relations Board in a representation proceeding.

Plaintiff, a Texas corporation having its principal place of business in Houston, is engaged in the retail distribution and sale of various goods within the Houston Division of the Southern District of Texas. Defendant is the Regional Director of the Twenty-Third Region of the National Labor Relations Board. The principal office of the Region is also located in Houston.

Pursuant to the issuance by the defendant of his Order Directing Second Election on April 26, 1963, an election was conducted on May 24, 1963 among certain classifications of plaintiff's employees to determine whether they desired to be represented by the Retail Clerks Union, Local No. 455, AFL–CIO, Retail Clerks International Association, AFL–CIO, hereinafter called the Union. Approximately 2,278 employees were eligible to vote; 924 ballots were cast in favor of, and 919 ballots were cast against, representation by the Union. One hundred five other ballots cast were challenged by either the plaintiff, the defendant, or the Union. Each of the 105 ballots so challenged was placed in a separate, sealed envelope designated "challenged ballot secret envelope." None of these ballots has been opened or counted.

After the election, the defendant furnished the plaintiff and the Union a list containing the names of the 105 persons whose ballots were challenged, their job classifications, their voting locations, the reason their ballots were challenged, and the name of the person making the challenge.

At all times subsequent to the election, each of the 105 ballots challenged has remained in its sealed "challenged ballot secret envelope" under the defendant's control.

In his Third Supplemental Decision, Order Directing Hearing on Challenged Ballots and Notice of Hearing, dated August 27, 1963, and in his Order Amending Third Supplemental Decision, Order Directing a Hearing on Challenged Ballots and Notice of Hearing, dated September 12, 1963, the defendant ruled that of the 105 challenged ballots, 28 challenges should be overruled and 35 challenges should be sustained, and ordered that hearings be held before a duly designated Hearing Officer of the National Labor Relations Board for the purpose of taking evidence on the remaining 42 challenged ballots. No exceptions or requests for review were filed to the overruling of the challenges to the 28 ballots.

On March 31, 1964, the defendant issued a Fourth Supplemental Decision and Order, in which he ruled that of the remaining 42 challenged ballots, 19 challenges would be sustained and 23 challenges would be overruled. The defendant further stated that these 23 challenged ballots and the 28 challenged ballots ruled eligible in the Third Supplemental Decision and Order would be opened and counted at a time and place to be announced later. No exceptions or requests for review were filed to 15 of these 23 ballots.

After the issuance of the defendant's Fourth Supplemental Decision and Order, the plaintiff and the Union filed requests for review with the National Labor Relations Board in Washington, D. C., excepting to the defendant's resolution of 12 of the ballots challenged.

Although the National Labor Relations Board follows a practice of providing a form of waiver which may be executed

by a party waiving his right to a request for review by the Board, the plaintiff did not at any time file any instrument waiving its right to request review of the defendant's Fourth Supplemental Decision and Order by the National Labor Relations Board.

On June 11, 1964, the defendant sent a letter notifying the plaintiff and the Union that he intended to open and count the 43 challenged ballots to which no requests for review had been filed. Plaintiff then filed suit in this court requesting that the defendant be enjoined from opening the 43 ballots referred to in this letter until the National Labor Relations Board has ruled upon the 12 ballots to which exceptions and requests for review have been filed.[1]

United States district courts have jurisdiction in only two limited areas to consider orders issued by the National Labor Relations Board or its Regional Directors in representation proceedings. One is where the orders involve public questions high in the scale of national interest because of their international complexion. McCulloch v. Sociedad Nacional, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963). The instant case does not fall within this area. The second is where the orders were made in excess of delegated powers and contrary to a specific statutory prohibition. Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). See also Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964).

Since the Rules and Regulations and Statements of Procedure of the National Labor Relations Board, Series 8 as amended, were enacted pursuant to

authority delegated to the Board by Congress in 29 U.S.C.A. § 156, those particular rules which are substantive have the dignity of statutory enactments for the purposes of Leedom v. Kyne. Consequently, a United States district court has jurisdiction to set aside action by a Regional Director contrary to a specific prohibition in one of these substantive rules.

Section 102.67(b) of the rules is substantive and provides in pertinent part as follows:

"(b) A decision by the regional director upon the record shall set forth his findings, conclusions, and order or direction. The decision of the regional director shall be final: *Provided, however,* That within 10 days after service thereof any party may file seven copies of a request for review with the Board in Washington, D. C. * * * The filing of such a request shall not, unless otherwise ordered by the Board, operate as a stay of any action taken or directed by the regional director: *Provided, however,* That the regional director, in the absence of a waiver, may issue a notice of election but shall not conduct any election or open and count any challenged ballots until the Board has ruled upon any request for review which may be filed."

This Court has jurisdiction in the instant case if the Regional Director's proposed act of counting, while requests for review are pending as to other ballots, the 43 ballots to which challenges have been overruled and to which no exceptions or requests for review have been filed would violate Section 102.67(b) [2].

1. On September 18, 1964, after the Court had given rulings from the bench but before they were completely formalized into an opinion, the National Labor Relations Board granted the requests for review as to 4 of the ballots and denied the requests for review as to others. The plaintiff asserted that this action did not alter its position, and I hold that the action did not render the instant case moot.

2. I interpret the rule to mean that "challenged ballots" shall not be counted until the National Labor Relations Board has acted upon the merits of the requests for review. Therefore, the action of the National Labor Relations Board on September 18, 1964, in granting the requests for review as to 4 of the ballots and denying the remaining requests did not render the instant case moot.

This rule is not a procedural one such as was under consideration in National Labor Relations Board v. Monsanto Chemical Co., 205 F.2d 763 (8th Cir. 1953). Furthermore, the instant case does not involve a review of factual findings made by the National Labor Relations Board and is, therefore, not a Boire v. Greyhound Corp., supra, situation. It is simply a case involving a determination of whether certain action would violate a substantive rule.

■ The National Labor Relations Board having issued a specific rule containing certain prohibitions to cover a particular situation, neither it nor its Regional Directors may in the exercise of discretion act contrary to the rule. Surprenant Mfg. Co. v. Alpert, 318 F.2d 396 (1st Cir. 1963) is therefore inapplicable here.

Whether the proposed action of the Regional Director is contrary to Section 102.67(b) depends upon whether the 43 ballots, to which challenges have been overruled and no exceptions and requests for review filed, are "challenged ballots" within the purview of the exception to the pertinent proviso of the rule.

The fact that an interpretation must be made of the rule might indicate the inapplicability of Leedom v. Kyne, supra, since it only permits district court jurisdiction to set aside action contrary to a *specific,* and impliedly, *clear* prohibition. However, since under my interpretation of the rule the Court is held to lack jurisdiction, it is unnecessary to decide this question.

Section 102.67(b) must be construed in light of the circumstances surrounding its issuance. It was issued pursuant to the authority vested in the National Labor Relations Board by Sections 3(b) and 6 of the Labor Management Relations Act, as amended, 29 U.S.C.A. §§ 153(b) and 156, as a part of the May 4, 1961 amendments to the National Labor Relations Board's Rules and Regulations and Statements of Procedure, Series 8.

These amendments, in order to expedite the disposition of cases by relieving the "work load" of the Board, delegated the power of the Board in representation matters under Section 9 of the Act, 29 U.S.C.A. § 159, to Regional Directors. Compare 24 F.R. 9095 (Nov. 7, 1959), the rules as they existed before the amendments of May 4, 1961, with 26 F.R. 3885 (May 4, 1961), the new material added by the amendments.

■■ The only construction that can be given to the words "challenged ballots" as used in Section 102.67(b) which will effectuate the purpose of the rule's issuance is that they mean those ballots challenged which have been acted upon by the Regional Director and to which action a request for review has been filed. This is aptly demonstrated by the facts of the instant case. The 43 ballots, not being "challenged ballots," would be counted and could well decide the outcome of the election, thereby obviating the resolution by the Board of the 12 ballots for which review has been requested, and obviously expediting the disposition of the controversy.[3]

Moreover, this construction would be consistent with other provisions in the Rules. Section 102.69(c) provides that a Regional Director shall investigate challenged ballots only if they are sufficient in number to affect the result of an election. If Regional Directors, to whom power was delegated in representation matters to relieve the "work load" of the Board, are not required to consider challenged ballots unless they will definitely affect the outcome of an election, then certainly the Board should not be so required.

■ Furthermore, the Board will grant a request for review in representation cases only where compelling reasons exist, and only on limited grounds. These grounds are listed in Section 102.67 (c) as follows:

"(1) That a substantial question of law or policy is raised because of (i)

---

3. This point is of even greater persuasion now that the Board has declined review on 8 of the 12 ballots.

the absence of, or (ii) a departure from, officially reported Board precedent.

"(2) That the regional director's decision on a substantial factual issue is clearly erroneous on the record and such error *prejudicially affects* the rights of a party.

"(3) That the conduct of the hearing or any ruling made in connection with the proceeding has resulted in *prejudicial* error.

"(4) That there are compelling reasons for reconsideration of an important Board rule or policy." (Emphasis added.)

In light of these limited grounds for review, interpreting the words "challenged ballots" so as to enable the Board to determine whether a request for review involves an alleged error *prejudicial* to a party is appropriate. In other words, the ballots for which no requests for review have been asked should be counted to determine if they will resolve the election before the Board is required to decide whether to grant a request for review on other ballots.

The Court's construction of "challenged ballots" appears to be the only sensible one, for to interpret the words to mean all previously challenged ballots regardless of whether requests for review have been filed as to them would have little salutary effect. It might prevent a possible "flare up" of labor strife which may occur when the unappealed ballots are counted, assuming they do not resolve the election. If such were the purpose of the rule, then one would expect to find a provision preventing the release, when ballots are challenged, of the tabulation of the unchallenged ballots, but such is not the case.

The other possible reason for such a construction would be to enable a party to obtain a counting of all ballots challenged, at one time. This appears to be of dubious benefit. It would not always resolve all the questions concerning representation, for, as here, the Company and the Union may still have pending, to be resolved at a later date, objections to the conduct of the election.

That the Court's interpretation of "challenged ballots" was the one intended by the Board when it promulgated Section 102.67(b) is evident from the Board's approval of the practice of counting ballots whose challenges have been overruled with no exceptions taken, even though there remain some unresolved challenged ballots. See Gould National Batteries, Inc., 146 NLRB 132, and Pacific Tile and Porcelain Co., 137 NLRB 1358, 1367, 1368.

Since the words "challenged ballots" as used in Section 102.67(b) mean only those ballots challenged, acted upon by the Regional Director, and to which action exceptions and requests for review have been filed, the proposed action of the Regional Director in counting the ballots to which requests for review have not been filed, is not contrary to the rule. Thus, Leedom v. Kyne, supra, is inapplicable, and this Court does not have jurisdiction of the instant case. Therefore, defendant's motion to dismiss is granted.

Although this case is dismissed for want of jurisdiction, an injunction pending appeal is granted pursuant to the provisions of Rule 62(c), F.R.Civ.P. In so granting, the Court is fully cognizant of the impact upon Rule 62(c) of Rule 82, F.R.Civ.P., as discussed in Elgin, J. & E. R. Co. v. Brotherhood of Railroad Trainmen, 302 F.2d 545 (7th Cir. 1962).

The Elgin case, however, is distinguishable, involving, as it did, a Norris-La Guardia Act situation. Also, the defendant here does not assert that the Court is without jurisdiction to issue the injunction, but of course, the failure of a defendant to raise this issue will not confer jurisdiction.

■ This entire case revolves around the proposed activity being enjoined pending appeal, the counting of the ballots. The Court will definitely have jurisdiction to enjoin such activity if plaintiff's construction of Section 102.67 (b) eventually prevails. However, if

this Court, after holding that it lacks jurisdiction over the controversy, although subject to reversal on appeal, now has no jurisdiction to issue an injunction pending appeal, plaintiff's prevailing on appeal would gain it a hollow victory indeed, one of mere academic interest, for the activity of which it complains would have long since occurred. I cannot believe that his is or ever will be the state of the law.

I therefore order:

(a) That defendant's Motion to Dismiss be granted;

(b) That the plaintiff's Complaint be dismissed;

(c) That the Temporary Restraining Order, heretofore issued and continued, having expired by its own terms, is terminated;

(d) Plaintiff's Complaint having been dismissed, plaintiff's prayer for preliminary and/or permanent injunction has been and hereby is denied; and

(e) Plaintiff's application for an injunction pending appeal, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, is granted.

Perry, J., dissented.