**UNITED STATES of America,**
**Libelant,**

v.

**ONE 1962 FORD GALAXIE SEDAN**
**Motor and Serial No. 2E64Z145246.**

**No. 63 AD. 1184.**

United States District Court
S. D. New York.

Aug. 12, 1966.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, for libelant, Dawnald R. Henderson, Asst. U. S. Atty., of counsel.

Moses Polakoff, New York City, for claimant, Donald Skyler.

MEMORANDUM

TENNEY, District Judge.

Libelant moves herein for an order staying the execution of the final decree entered into the instant proceeding pending appeal.

The libel was tried to a jury on May 9, 1966 and a verdict returned in favor of the claimant. A final decree dismissing the libel and ordering the release of the vehicle was signed and filed on May 26, 1966. The Government thereafter moved for judgment notwithstanding the verdict, or, in the alternative, for a new trial. Both motions were denied, and thereafter another final decree was entered on July 22, 1966, dismissing the libel and directing the delivery of the vehicle to the claimant. Whereas by the first decree Judge MacMahon indicated that no storage fees were to be paid by claimant, there is no mention of it in the second order.

The Government asserts that the Solicitor General has not decided whether to appeal the decision or not, and accordingly requests that we prevent claimant from getting the vehicle until the Solicitor so decides (having sixty (60) days under Rule 73(a) of the Federal Rules of Civil Procedure.)

Neither side has cited authority for the power of the Court to grant the requested relief. The claimant argues that until a notice of appeal has been filed, the Court is without this power. The Government, on the other hand, suggests that the Court, under its broad equitable powers, can grant the relief.

The Rules are very comprehensive as to the protection granted to litigants who seek a stay at various stages of the proceedings, and the industrious litigant is fully protected.

Thus, prior to the entry of a judgment or decree, a stay pending appeal can be requested (see, e. g., J. Weingartern, Inc. v. Potter, 233 F.Supp. 833 (S.D. Texas 1964)), and the Rules provide for an automatic stay for ten (10) days after judgment is entered. During the 10-day period of the automatic stay, no execution can be issued on the judgment (7 Moore, Federal Practice ¶ 62.03 at 1360 n. 11 (2d ed. 1955)), and this period thus affords the litigant an opportunity while the stay is in effect to file his notice of appeal and thereby invoke the stay protection of Rule 62(d). (7 Moore, supra, ¶62.03 at 1359, n. 8).

The presence of such explicit protection and coverage, in my opinion, precludes the existence of such power in time periods not covered by the Rules. Indeed, the Courts have gone to great lengths to afford litigants the opportunity to come within the provisions of the various Rules. See Di Melia v. Bowles, 57 F. Supp. 710 (D.Mass.1944). The fact that the Rules afford protection for ten days subsequent to judgment and at a point when notice of appeal is filed, indicates to me that the Court does not possess such power in the interim. Rule 62(g) grants broad power to the appellate courts. (See United States v. Lynd, 301 F.2d 818 (5th Cir.), cert. denied, 371 U.S. 893, 83 S.Ct. 187, 9 L.Ed.2d 125 (1962)). However, there is no such broad grant to the district courts and this is a further indication that, absent a specific authorization, it does not exist. Professor Moore, while not stating that this is the case, at least by implication supports this interpretation:

"The automatic ten-day stay begins to run on the day when judgment is entered, and becomes ineffective upon the expiration of ten days after its entry. Executions issued before the expiration of the ten-day stay will be set aside on motion. But if no proper proceedings are taken to obtain a stay pursuant to subdivision (b), which deals with stay on motion for new trial or for judgment, subdivision (h), which concerns stay of judgment upon multiple claims, or subdivision (d), which deals with stay upon appeal, the enforcement of the judgment may pro-

ceed after the 10-day period has elapsed * * *."

7 Moore, supra, at 1360–61, and Barron & Holtzoff similarly state:

"This 10 day stay permits the party against whom judgment has been entered to determine what course of action he wishes to follow. If he desires to attack the judgment in the trial court, by a motion for new trial or amended findings or judgment notwithstanding the verdict or for relief from the judgment, he can make such a motion, and apply for a stay pending disposition of the motion as provided in Rule 62(b). If he prefers to appeal, he can file notice of appeal and obtain a stay upon appeal as provided in Rule 62(d). The automatic stay becomes ineffective after 10 days from the entry of the judgment, and though further stays under *the other subdivision of the rule,* are both available and usual, they are not had automatically but must be ordered by the court."

3 Barron & Holtzoff, Federal Practice & Procedure § 1371 at 461–62 (1958). (Emphasis added.)

 Accordingly, absent a timely application and/or notice of appeal, I believe myself without power to grant the requested relief.

 Moreover, even assuming the presence of the power, I question whether the equities are such as to warrant its invocation.

The vehicle has been tied up since 1962 and the Government has failed in both final decrees to make provision for the stay.* It did not decide within the 10-day automatic stay period whether to file a notice of appeal or not, and has not decided as yet, although over three months have expired from the first decree and almost two weeks from the second. In addition, the Government's posi-

tion is that storage fees are to be paid for the time that the vehicle has been in its custody and, accordingly, the longer the claimant is restrained the more he must pay. Indeed, the Government could under its theory wait the full sixty (60) days to the decided prejudice of the claimant.

Since the Government could have protected itself very easily and has failed to do so, equity dictates that an additional opportunity not be afforded at this late date.

For all of the reasons hereinbefore stated the within motion is denied.

So ordered.

---

* Indeed, the Government failed to request a stay during the pendency of its motion for a new trial (R. 62(b)), and arguably claimant could have reclaimed the vehicle at that time under the first decree.