**In re Ana J. De Jesus SAEZ, Debtor.**

**Bankruptcy No. B–81–00039 (B).**

United States Bankruptcy Court,
D. Puerto Rico.

Aug. 4, 1981.

Ciro A. Betancourt, Santurce, P. R., for creditor.

The Bankruptcy Clinic for debtor.

### MEMORANDUM–OPINION AND ORDER

W. H. BECKERLEG, Bankruptcy Judge.

We have before our consideration a motion filed by debtor praying for the annulment of a public auction of property of debtor which was prompted by secured creditor George Rieckehoff.

The facts as they appeared from the pleadings and the evidence admitted by the court are as follows:

1. On January 30, 1981, debtor filed a petition under the provisions of Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 et seq.

2. On April 7, 1981, George Rieckehoff, through attorney Ciro A. Betancourt, filed in this court an adversary proceeding seeking relief from the automatic stay imposed by 11 U.S.C. § 362 so as to proceed with the public sale of debtor's property located at AK–46, Estancias de Rio Hondo, Bayamón, P. R.; the public sale was scheduled to take place on May 2, 1981.

3. In his complaint, plaintiff Rieckehoff alleged that he is the holder of a promissory note issued by debtor amounting to $5,500 plus accrued interests, secured with a mortgage over the property described herein. Rieckehoff also alleged that he had filed a foreclosure proceeding in the District Court of Bayamón; in this proceeding, judgment was entered for plaintiff on December 1, 1980, and on February 26, 1981 a writ of execution was issued by the Clerk of the Court. Pursuant to the writ, the District Court marshall auctioned the property on April 1, 1981. None of the bidders offered the minimum selling price required by the court, and the sale was declared vacated and a second public sale was set for May 2, 1981. Rieckehoff filed the above referred to adversary proceeding so he might proceed with the public sale on May 2, 1981.

4. On April 30, 1981, a preliminary hearing on Rieckehoff's complaint was held, and this court concluded that there was a reasonable likelihood that debtor (defendant therein) would prevail at the final hearing; accordingly, we ordered the stay to continue in effect, and set the final hearing for May 28, 1981 at 2:00 P.M.

5. On May 11, 1981 this court entered an order dismissing debtor's bankruptcy case for debtor's failure to appear at a Section 341 meeting of creditors scheduled for April 30, 1981 at 2:00 P.M., and for debtor's failure to amend her plan of payment and schedules.

6. On May 13, 1981, debtor filed a motion for reconsideration of our order dismissing the bankruptcy case, and the same was set for hearing on June 16, 1981.

7. Meanwhile, Rieckehoff's attorney, relying on the fact that debtor's case has been dismissed on May 11, 1981, permitted a rescheduled public sale of debtor's property to be conducted on May 14, 1981. (That is, the public sale originally set for May 2, 1981). At the aforementioned rescheduled public sale, Carlos Martir made the highest offer for debtor's property, and on May 15, 1981, the Marshall of the District Court of Bayamón executed a Judicial Sale Deed conveying title over said property to Carlos Martir.

8. On June 16, 1981, at the hearing held on the motion for reconsideration filed by debtor, this court concluded that the order dismissing the bankruptcy case should be vacated and the case reopened.

It is at this junction that we are called for to pass upon the validity of the public sale of debtor's property to Carlos Martir.

*CONCLUSIONS OF LAW:*

■ It is unquestionable that upon the dismissal of the case herein, the automatic stay provision of the Bankruptcy Code ceased to protect debtor from acts by his creditors to recover any amount of money owed to them. See 11 U.S.C. § 362(e)(2). However, since the Federal Rules of Civil Procedure (FRCP hereinafter) are applicable to this bankruptcy case and the proceedings filed herein, to the extent that they are not inconsistent with the Bankruptcy Code, due consideration must be given to the provisions of Rule 62(a) of the aforesaid Rules.

Rule 62(a) of the FRCP, made applicable to this proceeding by Rule 762 of the Rules of Bankruptcy Procedure (RBP hereinafter), provides that:

"No execution shall (be) issue upon a judgment nor shall proceeding be taken for it's enforcement until the expiration of 10 days after it's entry."

■ The purpose of Rule 62(a) is to make clear that in ordinary proceedings the execution of a judgment entered, or any other proceeding to enforce same, is automatically stayed for a term of 10 days. This gives the adversely affected party time to file an

appeal or request review of said judgment through appropriate means. See 7 *Moore's Federal Practice*, Para. 62.03 at 62–11 (2d ed. 1979). Moreover, the execution of a judgment obtained before the expiration of the aforesaid ten day term may be set aside by the Court if it is so requested by the affected party. See *U.S. v. One 1962 Ford Galaxie Sedan*, 41 F.R.D. 156 (S.D.N.Y. 1966).

Thus, Rule 62(a) may be considered as an additional protection to which debtor is entitled. If a petition filed under the provisions of 11 U.S.C. is dismissed, the automatic stay of Section 362 will cease to protect debtor from the acts of his creditors. However, because of Rule 62(a) an additional stay is imposed upon said creditors until the order dismissing the case is final and firm.

This interpretation is supported by Rule 902(5) of the RBP which provides that the word "Judgment", as used in the FRCP, within the context of a bankruptcy case will "include *any order appealable to the District Court." The order for dismissal is an order that could be appealed to the District Court, thus, we concluded that Rule 62(a) is applicable to this proceeding.*

In the case at bar, when we consider that the public sale of debtor's property occurred only 3 days after the entry of the order for dismissal and only 2 days after the filing of the motion for reconsideration, we conclude that the same was procured in violation of the provisions of Rule 62(a) of the FRCP.

Wherefore, after having considered the aforementioned, and the fact that debtor's motion for reconsideration was granted on June 16, 1981, we conclude that the public sale of debtor's property to Mr. Carlos Martir is null and void and without legal effect whatsoever.

It is so ORDERED and DECREED.