**In the Matter of Paul Duane COOPER and Carolyn Sue Cooper, Debtors.**

**CHRYSLER CREDIT CORPORATION, Claimant,**

**v.**

**Paul Duane COOPER and Carolyn Sue Cooper, Respondents.**

**Bankruptcy No. 81–01213–SW–13.**

United States Bankruptcy Court, W. D. Missouri, Southwestern Division.

Oct. 8, 1981.

R. Deryl Edwards, Joplin, Mo., for claimant.

William Perry, III, Joplin, Mo., for respondents.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DIRECTING CLAIMANT TO RESTORE 1980 DODGE OR AN EQUIVALENT REPLACEMENT TO THE DEBTORS

DENNIS J. STEWART, Bankruptcy Judge.

The proposed plan of arrangement under chapter 13 of the Bankruptcy Code was filed by the debtors in this case on April 14, 1981. By means of that plan, the debtors propose to pay into the plan of arrangement the sum of $150 per month (a sum not quite equal to 10% of their combined monthly income) to pay against the secured and unsecured indebtednesses over a 48-month period. Thus, they propose to pay 100% of the value of secured claims and 10% of the value of unsecured claims.

A meeting of creditors was conducted in Joplin, Missouri, on May 27, 1981. The minutes of that meeting which have been filed with the court unequivocally state that the debtors and their counsel were then present and that an announcement was made that a confirmation hearing would be held on June 19, 1981, at 10 a. m. Further, the office of the clerk of the court referred this case to the undersigned as one which had been set for a confirmation hearing on June 19, 1981, at 10 a. m. On the latter date, however, neither the debtors nor their counsel appeared. Therefore, on July 6, 1981, this court entered its order dismissing these proceedings for delay prejudicial to creditors within the meaning of section 1307 of the Bankruptcy Code. It was further noted in the order of July 6, 1981, dismissing this case that a confirmable plan had not yet been filed. Primarily, according to the files and records as they existed at that point, the basis for this statement was that the chapter 13 trustee had objected to confirmation of the plan of arrangement on the following basis:

"Chrysler Credit is in disagreement over value of 1980 Dodge. They claim it is worth $5500 and debtors' attorney has valued it at $4500. Trustee was told that a stipulation will be filed upon agreement prior to confirmation. If this does not

materialize, then a hearing on value should be set.

"Also, a stipulation will be filed involving value of a 1972 Pontiac which the schedules incorrectly state to be a 1969 Pontiac. When the above agreements are reached and stipulations are filed, confirmation will be recommended."

Further, as noted above, the plan of arrangement which had been submitted may not have met the requirement of *Matter of Curtis*, 2 B.R. 43 (W.D.Mo.Bkrtcy.1979), that the debtors, in the absence of exceptional circumstances, should pay into the plan at least 10% of their monthly take-home pay.

Within the ten-day period allowed by the applicable procedural rule, the debtors filed their motion to set aside the order of dismissal and reinstate these chapter 13 proceedings. In view of the timely motion, this court issued its order on July 22, 1981, directing the debtors to show cause in writing within 15 days why the motion should not be denied (1) for failure to attend the scheduled confirmation hearing and (2) for failure to file the stipulations which had apparently been promised to the chapter 13 trustee. The written response to that order, which response was filed by the debtors on August 5, 1981, did not respond directly to any of those issues. Therefore, the court entered its order on August 24, 1981, directing the Chrysler Credit Corporation to show cause in writing within 15 days why their security should not be valued at $4500.00, the amount which the debtors contended to be the correct value and directing the creditors to show cause in writing within 15 days why the plan should not be confirmed.

By counsel, the Chrysler Credit Corporation filed a written response to that order on August 28, 1981, stating that "after the Wage Earner Plan was dismissed, Chrysler Credit Corporation repossessed the 1980 Dodge automobile"; that "Chrysler Credit Corporation is desirous of retaining possession of the 1980 Dodge in full satisfaction of the Debtor's debt"; and that "the fair market value of the 1980 Dodge automobile is . . . $6,500.00 . . ."

To resolve the factual issues thereby raised, the court set a hearing on the issue of value and on confirmation generally for September 25, 1981, in Joplin, Missouri. The debtors appeared personally for the hearing and by William H. Perry III, Esquire, their counsel. Chrysler Credit Corporation appeared by Deryl Edwards, Esquire, its counsel. The creditor First State Bank appeared by its counsel, Jill Witter.

The evidence thereupon adduced by the debtors and by the Chrysler Credit Corporation demonstrated without contradiction that the latter had not only repossessed the 1980 Dodge almost immediately after the court's dismissal of the case; but it also showed that, according to the unanimous testimony and statements of counsel, it was not announced at the meeting of creditors that a confirmation hearing would be held on June 19, 1981; that, therefore, the court's dismissal of the proceedings by means of the order of July 6, 1981, was based upon an erroneous factual premise; that the Chrysler Credit Corporation, nevertheless, not only repossessed the 1980 Dodge, but also sold it and does not currently have it in its custody; and that, by the time Chrysler Credit Corporation was effectively notified by their counsel of the pendency of the debtors' motion to set aside the dismissal and reinstate these proceedings, the sale of the repossessed automobile had already been consummated.

Subsequently, the debtors have amended their contention respecting the value of the automobile so that it accords with the price for which the claimant Chrysler Credit Corporation disposed of the repossessed automobile.

Thus, the issue in this case has been transmuted from that of the value of the 1980 Dodge—which is now agreed to be the price for which it was sold by claimant—to that of whether the claimant Chrysler Credit Corporation has violated the applicable stay by repossessing the automobile and selling it during the pendency of the debtors' motion to set aside the order of dismissal and, if so, what remedy is appropriate for the violation.

The evidence in the hearing which has been conducted by the court demonstrates that repossession of the automobile was accomplished by the Chrysler Credit Corporation well within the 10-day period immediately following the entry of the order of dismissal on July 6, 1981; that the claimant's representative telephoned the court on or about July 6, 1981, to receive the information that the case had been dismissed; and that repossession was effected almost immediately thereafter. Disposition was then consummated before Chrysler Credit Corporation gained actual notice in writing from its counsel of the filing of the motion to set aside the order of dismissal.

The action taken during the 10-day period following the entry of the order in repossessing the automobile was prohibited by Rule 762 of the Rules of Bankruptcy Procedure and Rule 62(a) of the Federal Rules of Civil Procedure, which provide that:

> "[N]o execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry."

"The purpose of Rule 62(a) is to make clear that in ordinary proceedings the execution of a judgment entered, or any other proceeding to enforce same, is automatically stayed for a time of 10 days. This gives the adversely affected party time to file an appeal or request review of said judgment through appropriate means ... Moreover, the execution of judgment obtained before the expiration of the aforesaid ten day term may be set aside by the Court if it is so requested by the affected party." *In re Saez*, 13 B.R. 605 (D.P.R.Bkrtcy.1981). In the *Saez* case, when the sale of the debtor's property "occurred only 3 days after the filing of the motion for reconsideration ...., the public sale of debtor's property [was concluded to be] null and void and without legal effect whatsoever."

Nor is the claimant protected by its lack of actual knowledge of the pendency of the motion to set aside the dismissal. Its repossession was effected, as noted above, while the time for filing of that motion was still running. And, further, it is chargeable with the same knowledge as its counsel was bound to have of the timely filed motion to set aside the dismissal.

The debtors, however, admittedly had no equity in the automobile and therefore it is contended that, although the stay may have been violated, they had no rights in any property to warrant the return of that property to them. The law in chapter 13 proceedings, and in their predecessor chapter XIII proceedings, however, has always recognized as a rudiment that, even in the absence of any debtor's equity, the automatic stay should be kept in effect in respect to property which is necessary to the debtors' rehabilitation. In this case, in the hearing conducted on September 25, 1981, the debtors proved without contradiction that the 1980 Dodge, or a replacement vehicle, remains necessary to their performance and rehabilitation under chapter 13 when they each work at different jobs for different time periods, when both jobs are considerably distant from their home, and when Mrs. Cooper must additionally transport the children to and from school. During this interim period that has followed the premature repossession and sale of the 1980 Dodge, the debtors have suffered severe inconvenience and Mr. Cooper has been dependent upon a hit-and-miss system of obtaining rides with coworkers to travel to his job and home again. It is therefore, for the foregoing reasons,

ORDERED AND ADJUDGED that the claimant restore either the 1980 Dodge or an automobile of substantially the same value as the 1980 Dodge within 30 days of the date of entry of this order or in such additional time as the court may grant, in return for which the debtors shall execute to the claimant a security agreement binding themselves to pay the value thereof at the contract rate and interest provided by the security agreement on the 1980 Dodge.