**In re Joanne M. WESTON, dba Weston Enterprises, Debtor.**

**Joanne M. WESTON, dba Weston Enterprises, Moving Party,**

**v.**

**Franklin S. CIBULA, a Law Corporation, and Attorney of Record, Kathleen E. Jolly, Respondents.**

**Bankruptcy No. 285–00957–B–11.**

United States Bankruptcy Court, E.D. California.

Heard Dec. 20, 1988.

Decided April 21, 1989.

Joanne M. Weston, Mount Shasta, Cal., pro se.

Diepenbrock, Wulff, Plant & Hannegan, Sacramento, Cal. by Michael S. McManus, for Franklin S. Cibula, a law corp.

ON DEBTOR'S MOTION FOR RECONSIDERATION OF COURT'S INTENDED DECISION RE MOTION JMW–6

DAVID E. RUSSELL, Bankruptcy Judge.

The following relevant and material facts are undisputed by the parties for the purposes of this motion. In February 1983 Joanne M. Weston (hereinafter "Debtor") hired Franklin S. Cibula, a law corporation (hereinafter "Cibula"), as legal counsel to assist her in resolving certain disputes. The Debtor subsequently became suspicious of Cibula's conduct and ultimately terminated his employment sometime in December of 1984. On February 19, 1985 Cibula served Debtor with a complaint ("Complaint") for attorney's fees which was pending in the Municipal Court of Redding in Shasta County, California. Debtor subsequently filed a voluntary Chapter 11 petition in bankruptcy with this court on March 15, 1985.

An order dismissing the case due to an unreasonable delay by the Debtor to propose a Plan was entered by this court on January 14, 1986 and notice of the dismissal was mailed on the same day to the Debtor and her creditors. Although properly notified of the court's order to dismiss her case, Debtor never moved for a stay pending appeal as provided for in Bankruptcy Rule ("B.R.") 8005. On January 15,

1986, Cibula filed for and received a default judgment against Debtor in the above referenced Municipal Court of Redding. Cibula also filed an attachment lien against a cause of action and judgment being pursued by the Debtor in the Siskiyou County Superior Court on January 15, 1986.

Debtor subsequently filed a motion requesting this court to reconsider its order of dismissal on January 28, 1986. That motion having been denied on February 24, 1986, the Debtor filed an appeal with the Ninth Circuit Bankruptcy Appellate Panel ("BAP") on March 5, 1986. The BAP eventually overturned this court's order to dismiss on May 20, 1988[1] and an Order Reopening Case was subsequently filed on July 18, 1988.

## ISSUE

■ The pertinent issue before this court is whether Cibula's recovery of a judgment against the Debtor and attachment of the judgment lien against her property within ten days of the entry of the order to dismiss her Chapter 11 case violated the ten day stay against enforcing judgments imposed by B.R. 7062.

## ANALYSIS

In its original order, this court relied upon the reasoning and result set forth in *In re De Jesus Saez* 721 F.2d 848 (1st Cir.1983) for the proposition that the automatic stay lifts immediately upon the effective date of an order of dismissal rather than, as the Debtor herein suggests, after the expiration of the ten day period prescribed by Federal Rule of Civil Procedure ("F.R.Civ.P.") 62(a)[2] (made applicable by B.R. 7062[3]).

The facts in *Saez* are substantially similar to those now before this court for reconsideration. In that case the bankruptcy court granted a creditor's motion to dismiss the Debtors' Chapter 13 petition for "failure to prosecute" the bankruptcy on May 11, 1981. (721 F.2d 848, 850). Despite the fact that the Debtor filed a motion for reconsideration on May 13, 1981, a previously scheduled auction of the Debtor's residence took place the following day.

The bankruptcy court subsequently granted the motion for reconsideration and held, inter alia, that although the automatic stay "unquestionably ... ceased to protect the debtor" against the acts of creditors upon the dismissal of the case (citing 11 U.S.C. § 362(e)(2)[4] (sic), the creditors were nonetheless in violation of Bankruptcy Act Rule 762 (now B.R. 7062) as the public sale of the Debtor's property occurred within ten days of the order dismissing the case. (*In re Saez* 13 B.R. 605, 606–07 (Bkrtcy.D. P.R.1981)). The bankruptcy court concluded that the sale of the Debtor's property was "null and void and without legal effect". (Supra, at 607).

1. The BAP found that this court's dismissal was unauthorized by 11 U.S.C. § 1112(b) because the application to dismiss was made by the court's estate administrator rather than an "interested party" as required by that section.

2. F.R.Civ.P. 62 provides in pertinent part as follows;

  (a) Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal.

3. B.R. 7062 provides as follows;
  "Rule 62 F.R.Civ.P. applies in adversary proceedings except that an order granting relief from an automatic stay provided by § 362,

§ 922, or § 1301 of the Code, an order authorizing or prohibiting the use of cash collateral or property of the estate under § 363, and an order authorizing the trustee to obtain credit pursuant to § 364 shall be additional exceptions to Rule 62(a)."

4. Although there once was a § 362(e)(2) under the Bankruptcy Code, reference to that section in the context of the issue being discussed makes no sense. The court was undoubtedly referring to 11 U.S.C. § 362(c)(2) which provides that

  "[T]he stay of any other act under subsection (a) of this section continues until the earliest of—
  (A) the time the case is closed;
  (B) the time the case is dismissed; or
  (C) ... the time a discharge is granted or denied."
  (Emphasis added).

The Court of Appeals subsequently reversed the bankruptcy court's decision. Although it agreed that unless extended by Rule 762 or in some other manner the automatic stay "plainly terminates upon dismissal of the petition giving rise to it" (citing 11 U.S.C. § 362(c)), it found that Rule 762 did not apply to an order dismissing a case for failure to diligently prosecute the bankruptcy case. In reaching the latter proposition, the court reasoned that although Rule 762 applied to adversary proceedings as well as to "all proceedings related to a contested petition and in all proceedings to vacate an adjudication" (Referring to the express language of Bankruptcy Act Rule 121[5], now B.R. 1018), a simple order to dismiss for failure to prosecute did not qualify as either. Consequently, the court found that Rule 762 did not govern such a proceeding.[6]

Although there might have been some question as to whether a motion to dismiss a bankruptcy petition for want of prosecution was either a contested matter or a "proceeding related to a contested petition" under the Bankruptcy Act, the modified rules promulgated under the Bankruptcy Reform Act of 1978 and in effect at all relevant times for the purpose of this motion specifically provided that "[a] proceeding to dismiss a case or convert a case to another chapter is governed by Rule 9014". (B.R. 1017(d)[7]). Thus, because Rule 9014 governs "contested matters"[8], the natural interpretation of Rule 1017(d) as it existed on the date of dismissal of the instant case is that all proceedings to dismiss or convert a case were intended to constitute "contested" proceedings.

Because the Debtor's petition was dismissed by this court pursuant to 11 U.S.C. § 1112(b)[9], and because such a proceeding was governed by B.R. 9014, this court must agree with the Debtor that the proceeding to dismiss Debtor's petition constituted a "contested matter" under that Rule. Despite the fact that B.R. 7062 is made expressly applicable to contested matters by Rule 9014, however, this court cannot accept the Debtor's conclusion that B.R. 7062 was intended to apply specifically to B.R. 1017(d) dismissal orders.

As a preliminary matter, this court agrees with the *Saez* court's analysis of the effect of an order of dismissal upon the automatic stay; namely, that the automatic stay is immediately terminated (11 U.S.C.

5. Rule 121 provided in pertinent part that
"Except as otherwise provided in Part I of these rules and unless the court otherwise directs, the following rules in Part VII apply in all proceedings relating to a contested petition and in all proceedings to vacate an adjudication; Rules ...762... For the purposes of this rule a reference in the rules in Part VII to adversary proceedings shall be read as a reference to proceedings relating to a contested petition or proceedings to vacate an adjudication ..."

6. Specifically, the court found that "... the dismissal did not arise from a contest over de Jesus's eligibility for chapter 13 relief or the like. Rather, de Jesus's petition was dismissed simply for her failure to prosecute her case in a diligent manner. Under these circumstances, the rules did not require creditors to delay further from exercising their pre-petition rights." (721 F.2d 848, 852).

7. Rule 1017(d) was subsequently amended in 1987 to provide that dismissals or conversions pursuant to §§ 706(a), 707(b), 1112(a), and 1307(b) would not automatically be characterized as a contested matter under Rule 9014. Rather, conversion or dismissal under those sec-

tions would be governed by Rule 9013 which does not require a hearing absent a court order.

8. Rule 9014 provides in relevant part as follows;
"In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought ... The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004, and, unless the court otherwise directs, the following rule[ ] shall apply; ....7062..."

9. § 1112(b) provides in pertinent part as follows;
§ 1112. Conversion or dismissal.
(b) Except as provided in subsection (c) of this section [inapplicable to this analysis], on request of a party in interest or the United States trustee, and after notice and a hearing, the court may ... dismiss a case under this chapter, ... for cause, including—
(3) unreasonable delay by the debtor that is prejudicial to creditors;
(4) failure to propose a plan under section 1121 of this title within any time fixed by the court[.]

§ 362(c)(2)(B)) at the moment the order dismissing the case is entered on the docket (B.R. 9021 [incorporating F.R.Civ.P. 58]). (Supra, 721 F.2d at 851). This court furthermore agrees that this interpretation jibes with the provisions of 11 U.S.C. § 349(b)[10] which defines the effect of an order of dismissal. Thus, the plain language of both of the above referenced code provisions serves to contradict the Debtor's suggestion that B.R. 7062 was designed to prevent the automatic stay from lifting immediately upon the dismissal of the case.

Furthermore, F.R.Civ.P. 62(a) (upon which B.R. 7062(a) was expressly based) does not purport to stay proceedings which do not involve the *enforcement* of a judgment. (11 Wright and Miller, *Federal Practice and Procedure*, § 2901). Rather, Rule 62(a) was designed to carve an exception to the general rule that a court's judgment becomes *effective* and, consequently, enforceable when the order is entered on the docket by prohibiting creditors from enforcing certain judgments for a period of ten days following the effective date of the order. Clearly such an exception is superfluous in the context of an order dismissing a complaint as such a judgment generally eliminates a cause of action rather than rendering one enforceable.

■ Consequently, unable to discern any express or implied manifestations of intent

that B.R. 7062 was designed to enlarge the limited application of F.R.Civ.P. 62(a) as described above, this court must find that the ten day stay within those rules was not intended to apply to orders involving the dismissal of bankruptcy petitions without a contrary order of the court. Therefore, because no stay was imposed by Rule 7062, and because the Debtor never secured a stay pending appeal, Cibula was free to pursue his state court remedies with complete immunity immediately upon the effective date of the dismissal.[11] (See *In re Lashley*, 825 F.2d 362 (11th Cir.1987) (bankruptcy court could not retroactively void foreclosure sale to enable Chapter 13 debtors to pursue appeal in absence of stay pending appeal); *Norton v. Hoxie State Bank*, 61 B.R. 258 (Bkrtcy.D.Kan.1986) (in accord); *Matter of Bluford*, 40 B.R. 640 (Bkrtcy.W.D.Mo.1984) (automatic stay does not remain in effect for ten days following dismissal of Chapter 13 petition); *In re Linton*, 35 B.R. 695 (Bkrtcy.D.Idaho 1983) (perfection of security interest in collateral within 10 days of order dismissing Chapter 13 case held enforceable); *In re Weathersfield Farms, Inc.*, 34 B.R. 435 (Bkrtcy.D.Vt.1983) (absent order staying dismissal of Chapter 11 case, stay terminated upon dismissal and mortgagee was restored to position it assumed at the commencement of the case); Contra *In re Cooper*, 16 B.R. 19

**10.** § 349(b) provides in pertinent part as follows;

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title [inapplicable to this analysis]—

(1) reinstates—

(A) any proceeding or custodianship superseded under section 543 of this title;

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

(C) any lien voided under section 506(d) of this title;

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

The Legislative History defines the "basic purpose" of subsection (b) as one of "undo[ing] the

bankruptcy case, as far as practicable, and restor[ing] all property rights to the position in which they were found at the commencement of the case." (H.R.Rep. No. 95–595, 95th Cong., 1st Sess 338 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 48–49 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5835, 6294.

**11.** Debtor's assertion that this court is bound by comments made on the record and in findings of fact in unrelated proceedings within her bankruptcy case is without merit. The doctrine of "the law of case" applies only to rulings made by an appellate court and does not apply to rulings by the trial court. (5B C.J.S. Appeal and Error, § 1821 (citations omitted)). In any event, the statements rendered by this court regarding the effect of an order of dismissal upon the automatic stay were pure dicta and, because they were made in the context of an unrelated motion and between unrelated parties, the doctrines of res judicata and collateral estoppel would not apply.

(Bkrtcy.W.D.Mo.1981) (repossession and sale of automobile within 10 days of dismissal constituted a violation of stay); But c.f. *In re Krueger*, 88 B.R. 238 (9th Cir.B.A.P. 1988) (stay held to remain in effect thereby rendering foreclosure sale void where dismissal order was issued in violation of debtors' right to due process)[12].

### DISPOSITION

The above discussion shall constitute this court's findings of fact and conclusions of law. Consistent with the above analysis, it is hereby

ORDERED that the Debtor's motion for reconsideration be and is hereby DENIED.

---

**12.** Debtor's contention that *Krueger* is binding on this court under the facts of this case must be rejected. *Krueger* stands for the proposition that an order issued in violation of a debtor's constitutional rights to notice may properly be rendered void. As the Debtor does not allege any violation of her rights to due process, the exception delineated in *Krueger* does not apply. (*In re Krueger*, supra, 88 B.R. 238).