**BRITISH STEEL CORPORATION,
et al., Plaintiffs,**

v.

**UNITED STATES, et al., Defendants,**

**Allegheny Ludlum Steel Corporation, et al., Defendants-Intervenors.**

Court No. 83–7–01032.

United States Court of International Trade.

Jan. 12, 1984.

Steptoe & Johnson Chartered, Richard O. Cunningham, Charlene Barshefsky, and Alice Mattice, Washington, D.C., for plaintiffs.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, and Sheila N. Ziff, New York City, for defendants.

Collier, Shannon, Rill & Scott, David A. Hartquist, Paul C. Rosenthal and Richard A. Merski, Washington, D.C., for defendants-intervenors.

BERNARD NEWMAN, Senior Judge.

Plaintiffs have instituted this action under section 516A(a)(2) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2), to contest a final affirmative countervailing duty determination by the International Trade Administration of the United States Department of Commerce ("Commerce")

covering imports of stainless steel plate from the United Kingdom (48 Fed.Reg. 19408, April 27, 1983).

Presently before the Court is plaintiffs' motion under Rule 56.1(a) of the Rules of the Court of International Trade for an order directing that defendants submit a motion for review upon the agency record of Commerce's determination of countervailable subsidies.

Defendants' response to the motion consists simply of a request that this Court defer decision of plaintiffs' motion pending disposition of the jurisdictional issues raised by defendants' motion to sever and dismiss (or, alternatively, to suspend) with respect to that portion of the action involving stainless steel sheet and strip from the United Kingdom in *Allegheny Ludlum Steel Corp., et al. v. United States, et al.,* Court No. 83-7-01035. According to defendants, *Allegheny* involves the same substantive legal issues as those raised in the instant case. Defendants request the opportunity to move under Rule 42(a) of this Court's rules to consolidate both actions upon disposition of defendants' motion to dismiss "in the interests of orderly and efficient judicial administration and to conserve the Court's resources".

Defendants-intervenors similarly oppose plaintiffs' motion on the ground that the same determination by Commerce is being challenged in the instant case as in *Allegheny,* with virtually identical issues having been raised in both cases. Therefore, argue defendants-intervenors, a Rule 56.1 motion should not be granted here until resolution of the pending motion to dismiss in *Allegheny* and until such time as that case may be consolidated with this action.

I agree with plaintiffs' position that disposition of this case by means of a motion for review is appropriate at this time. Consequently, plaintiffs' motion is granted.

At the outset, we note: issue is joined in the instant action; there is no controversy regarding any material fact to be tried;

---

and the determination in this case is to be made solely upon the basis of the administrative record. I see no justification for impeding plaintiffs' prosecution of this case for an indeterminate period of time for final resolution (indeed, possibly involving an appeal) of a jurisdictional issue in an entirely separate action. Significantly, there has been no jurisdictional challenge in the instant case, and it makes little sense to delay the plaintiffs here because of the jurisdictional objection faced by a distinct plaintiff in another action not consolidated with the instant case.[1]

The argument that orderly and efficient judicial administration requires denial of plaintiffs' motion, although having some merit, is substantially outweighed by the clearly manifested Congressional intent and the policy of this Court that actions under sections 516A be "expedited in every way". *See* 28 U.S.C. § 2647.

For the foregoing reasons, it is hereby ORDERED that plaintiffs' motion for an order directing plaintiffs to submit a motion for review upon the agency record is granted.

---

**1.** The Court, of course, takes no position here concerning the jurisdictional issue raised in the *Allegheny* matter.