**BRITISH STEEL CORPORATION, et al., Plaintiffs,**

v.

**UNITED STATES, et al., Defendants,**

**Allegheny Ludlum Steel Corporation, et al., Defendants-Intervenors.**

Court No. 83-7-01032.

United States Court of International Trade.

Oct. 17, 1986.

Steptoe & Johnson (Richard O. Cunningham, Charlene Barshefsky and William L. Martin, II, Washington, D.C., of counsel), for plaintiffs.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C. and Sheila N. Ziff, New York City, for defendants.

Collier, Shannon, Rill & Scott (Paul C. Rosenthal, Washington, D.C., of counsel), for defendants-intervenors.

NEWMAN, Senior Judge:

### Introduction

Plaintiffs British Steel Corporation and British Steel Corporation, Inc. move pursuant to Rule 65(a) of the rules of this court to enjoin defendant United States from liquidating any entries of stainless steel plate from the United Kingdom, which were entered or withdrawn from warehouse for consumption on or after April 1, 1985 and exported prior to March 1, 1986 (hereinafter "the 1985–86 entries"). Plaintiffs seek a preliminary injunction pertaining to these entries pending a determination of the merits of their claim that the Department of Commerce ("Commerce") is required to first conduct an administrative review in accordance with section 751 of the Trade Agreements Act of 1979, as amended by the Tariff and Trade Act of 1984, 19 U.S.C. § 1675 (hereinafter section 751), of the countervailing duty rate applicable in the above-mentioned review period. Further, plaintiffs seek to prevent liquidation of 1985–86 entries under the provisions of 19 U.S.C. § 1516a(c)(2), irrespective of whether there is a section 751 review.

Defendants and intervenor oppose plaintiffs' application contending that the issues raised, namely, whether plaintiffs made a timely request for a section 751 review covering the 1985–86 entries, and the appropriate duty rate at which the entries

covered by that review period are to be liquidated, constitute a new and distinct cause of action which is outside the scope of the pleadings and not jurisdictionally cognizable in the present action. Moreover, defendants urge that the court lacks jurisdiction in the current action to grant the requested injunctive relief under section 1516a(c)(2).

## Background

On April 27, 1983 Commerce published its final affirmative countervailing duty determination covering stainless steel plate imports from the United Kingdom (48 Fed. Reg. 19,048), and on June 23, 1983 Commerce issued a countervailing duty order respecting such merchandise (48 Fed.Reg. 28,690). Subsequently, on July 21, 1983, plaintiffs filed the present action challenging the final determination of April 27, 1983.

After proceedings in compliance with Rule 56.1 of the rules of this court, the action was twice remanded: *British Steel Corp. v. United States,* 9 CIT ——, Slip Op. 85–26, 605 F.Supp. 286 (March 8, 1985); *British Steel Corp. v. United States,* 11 CIT ——, Slip Op. 86–37, 632 F.Supp. 59 (March 31, 1986) (defendants' motion for rehearing pending; remand suspended pending defendants' motion for vacatur) (*British Steel II*).

During the pendency of *British Steel II,* Commerce conducted annual reviews of the countervailing duty order, as required by section 751 [1] for the periods February 10, 1983 to March 31, 1984, and April 1, 1984 to March 31, 1985. Under the provisions of section 751, then in effect, the first periodic review commenced automatically; the second review was requested by British Steel on October 15, 1985.[2] Respecting the 1985–86 entries, plaintiffs move to enjoin liquidation of these entries pending a judicial determination of whether Commerce has wrongfully refused to initiate an administrative review for that time period.

Taking the position that British Steel did not file a timely request for an administrative review under section 751, Commerce has instructed Customs to proceed with liquidation of the 1985–86 entries at a rate equal to the estimated countervailing duties deposited on the entries at the time of entry or withdrawal from warehouse for consumption in accordance with its regulations. *See* 19 CFR § 355.10(d).[3] The court

---

1. The purpose of a section 751 review is two-fold: first, on the basis of the information obtained during the review, Commerce calculates the amount of subsidies obtained by the company in the review period and liquidates the entries in that period according to the rates calculated; second, Commerce then uses the same figure to set the estimated duty rate for the following year, according to which deposits on entries in that year will be required. *See Zenith Radio Corp. v. United States,* 1 CAFC 74, 710 F.2d 806 (Fed.Cir.1983).

2. This review was commenced on request rather than automatically because section 751 was amended by the Tariff and Trade Act of 1984 to provide that reviews are no longer undertaken by Commerce automatically, but rather only on the request of an interested party. In the absence of any such request, Commerce instructs Customs to assess duties on entries in the relevant review period at rates equal to the cash deposit or bond required at the time of entry. *See* 19 C.F.R. § 355.10(d).

3. The United States and the Commission of the European Communities recently concluded an arrangement whereby the European Community's exports of certain steel products, including stainless steel plate from the United Kingdom, to the United States are limited, effective March 1, 1986 through September 30, 1989. This arrangement was conditioned in part upon the revocation of existing antidumping and countervailing duty orders. As a consequence of the arrangement, the United States petitioners in the present action notified Commerce that they were no longer interested in the maintenance of the countervailing duty order contested in this action and requested that the order be revoked. Accordingly, Commerce conducted an administrative review based upon changed circumstances, provided for in 19 U.S.C. § 1675(b)(1), and issued a Notice of Final Results of Changed Circumstances Administrative Review and Revocation of Countervailing Duty Order, which Notice was published on August 14, 1986 (51 Fed.Reg. 29,144).

Defendants' motion for vacatur of this court's remand order in *British Steel II* and entry of a final judgment is pending before the court. The predicate of defendants' motion is that intervening circumstances have rendered the remand as unnecessary and the present case as moot. Plaintiffs have interposed an opposition to the motion for vacatur.

is advised by plaintiffs that Customs liquidated one entry on September 19, 1986 following Commerce's instructions. Upon discovering that Customs was liquidating the 1985–86 entries on the basis of the estimated duty deposit rate, plaintiffs applied *ex parte* for a temporary restraining order preventing the government from liquidating the 1985–86 entries, which order was granted on October 3, 1986 at 6:30 P.M. Plaintiffs now seek a preliminary injunction *pendente lite*.

## Opinion

### I.

The within action was instituted under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(B) challenging the final affirmative subsidy determination of April 27, 1983 concerning stainless steel plate from the United Kingdom (48 Fed.Reg. 19,-048). Plaintiffs challenged Commerce's decision to countervail certain subsidies and the valuation methodology used to calculate the countervailing duty rate.

■ The administrative action challenged in the present action by plaintiffs' application for a temporary restraining order and preliminary injunction is, essentially, Commerce's determination that no timely request for a review, in accordance with its published notice on June 10, 1986 (51 Fed.Reg. 21,011) had been received, and therefore, that it would not conduct a section 751 review for the period of April 1, 1985 to March 1, 1986, but would liquidate those entries without an administrative review.

Patently, plaintiffs' new claim raises issues that are entirely unrelated to the administrative determination that is contested in this action, and completely outside the scope of the pleadings in the present case. Indeed, the administrative action for which plaintiffs now seek judicial review does not involve a determination specified in 19 U.S.C. § 1516a, and hence, does not come within the ambit of that provision. Consequently, the court agrees with defendants and intervenor that in order to contest Commerce's refusal to conduct a section 751 review, plaintiffs must commence a new action pursuant to 28 U.S.C. § 1581(i). That residual jurisdictional provision permits the court to review, *inter alia*, certain countervailing and antidumping duty determinations that do not fall within the court's jurisdiction under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c).

Plaintiffs cannot, by means of now enjoining liquidation of the 1985–86 entries, enlarge the scope of the existing action, which involves a challenge to the 1983 final affirmative countervailing duty determination, to embrace plaintiffs' new and totally different claim that Commerce refuses to conduct a section 751 review covering the 1985–86 entries. As aptly phrased by intervenor, British Steel is attempting to "bootstrap its new cause of action onto the pending case", and "British Steel simply is trying to evade the statutory requirement that it file a summons and complaint to commence a new action" (Intervenors brief, pp. 2–3).

Moreover, the duty assessment rate for the 1985–86 entries is not governed by the administrative record or remand proceedings in this action. If plaintiffs are entitled to an administrative review under section 751 for the 1985–86 entries, assessment of countervailing duties for those entries would be governed by the results of that administrative review based upon the record therein.[4] On the other hand, if plaintiffs failed to timely request an administrative review, the countervailing duty assessment must be made at a rate equal to the estimated duty deposit rate at the time

---

**4.** Plaintiffs, of course, could challenge the results of the administrative review in conformance with 19 U.S.C. § 1516(a)(2)(B)(iii) and move to enjoin liquidation of the entries pending judicial review. Judicial review of the results of section 751 administrative reviews are based upon the administrative record of each review. *Silver Reed America, Inc. v. United*

*States,* 9 CIT ——, Slip Op. 85–51 (May 1, 1985); *Alhambra Foundry v. United States,* 11 CIT ——, 635 F.Supp. 1475 (1986). Any judicial determination concerning the countervailing duty order would have "precedential effect" on questions of law in subsequent administrative review proceedings under section 751. *Silver Reed,* Slip Op., p. 8.

of entry. 19 CFR § 355.10(d). If a party believes that the estimated duty deposit rate is erroneous, the prescribed procedure is that such party request an administrative review in the manner provided by the regulations. Failing that, the unreviewed entries must be liquidated as provided in the regulations. Hence, regardless of the outcome of plaintiffs' new claim that a section 751 review should be conducted, the disposition of the remand in the present action will have no prospective effect upon the duty rate to be assessed in liquidation of the 1985–86 entries.

In view of the foregoing, this court is without jurisdiction in the present case to issue an injunction in accordance with Rule 65(a) preventing liquidation of the 1985–86 entries pending a decision on the merits of plaintiffs' claim that Commerce wrongfully refuses to conduct an administrative review under section 751. Plaintiffs may, however, if they are so advised, file a new summons and complaint pursuant to 28 U.S.C. § 1581(i) and litigate their recent claim that Commerce has wrongfully refused to initiate a section 751 review covering the involved entries. Further, plaintiffs may renew their application to enjoin liquidation of the 1985–86 entries until there is a determination of the merits of the new action. *Cf. Zenith Radio Corp. v. United States*, 1 CAFC 74, 710 F.2d 806 (1983); *Timken Co. v. United States*, 6 CIT 76, 569 F.Supp. 65 (1983).

## II.

Plaintiffs also contend that, apart from the issue of whether plaintiffs timely requested a section 751 review, the court should enjoin liquidation of the involved entries under 19 U.S.C. § 1516a(c)(2) until there is a final disposition of the remand in the present case.

Plaintiffs' predicate for the court's jurisdiction in the present case to grant injunctive relief under § 1516a(c)(2) is that the 1985–86 entries are covered by Commerce's final countervailing duty determination of April 27, 1983, and thus the remand results in the present action would govern the methodology for the duty assessment rate

on those entries irrespective of the results of a section 751 review. A corollary of plaintiffs' argument is that if liquidation of the 1985–86 entries is enjoined in the present action under section 1516a(c)(2), then liquidation of those entries must be made in conformity with the remand results, regardless of whether plaintiff requested a section 751 review for that time period. In essence, plaintiffs insist that liquidation of the 1985–86 entries must be enjoined in the present action to avoid liquidation in compliance with the valuation methodologies employed by Commerce, which were determined to be erroneous in *British Steel II.*

The government, on the other hand, vigorously argues that the assessment of countervailing duties for the 1985–86 entries is not governed by the remand proceedings in the present case. According to defendants, since plaintiffs failed to request an administrative review under section 751, the entries must be liquidated in accordance with 19 CFR § 355.10(d).

■ Clearly, countervailing duty assessment for the 1985–86 entries for which plaintiffs seek to enjoin liquidation is not governed by Commerce's final affirmative determination of April 27, 1983 nor by the results of the remand in the present action. The duty assessment rate for the entries covered by the countervailing duty determination and order (and the deposit rate for the subsequent period) are governed by the results of the first annual review under section 751. As noted above, that review was initiated automatically by Commerce. Since the countervailing duty assessment for the 1985–86 entries is not governed by either the 1983 countervailing duty determination contested in the present action nor by the results of remand, this court has no jurisdiction in this case under section 1516a(c)(2) to enjoin liquidation of the 1985–86 entries.

If, as claimed by plaintiffs, Commerce must first conduct a section 751 review for the 1985–86 entries, then liquidation of those entries must accord with the final results of that administrative review. Plaintiffs may, of course, request injunc-

tive relief in connection with any judicial review of the results of such administrative review. *See Zenith Radio Corp.* and *Timken Co., supra.* On the other hand, absent a section 751 review covering the 1985–86 entries, the court sees no basis for Commerce to disregard 19 CFR § 355.10(d).

The short of the matter is that injunctive relief cannot, under the rubric of section 1516a(c)(2), be granted relative to the 1985–86 entries in the context of the present litigation pending a disposition of the remand proceedings. Plaintiffs' position—if upheld—would make a mockery of the administrative review scheme under section 751, and if adopted, would as a practical matter require suspension of all such proceedings to await disposition of the remand of the present case.[5] The court finds no evidence that Congress intended that procedural impediment to the administrative review process for which there are relatively short time constraints under section 751 for initiation and completion.

Consequently, it is hereby

ORDERED that plaintiffs' application for an injunction is denied, but without prejudice to renewal in any new action that plaintiff should commence, as indicated above.

---

5. Alternatively, administrative reviews under section 751 could proceed, but if plaintiffs' position were adopted, the results of such reviews might turn out to be meaningless, depending upon the final decision in the pending court action challenging the countervailing duty determination.