**BRITISH STEEL CORPORATION, et al., Plaintiffs,**

v.

**UNITED STATES, et al., Defendants,**

**Allegheny Ludlum Steel Corporation, et al., Defendants-Intervenors.**

**Court No. 83-7-01032.**

United States Court of International Trade.

Nov. 12, 1986.

Steptoe & Johnson (Richard O. Cunningham, Charlene Barshefsky and William L. Martin, II, Washington, D.C., of counsel), for plaintiffs.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch and Sheila N. Ziff, Washington, D.C., for defendants.

Collier, Shannon, Rill & Scott (Paul C. Rosenthal, Washington, D.C., of counsel), for defendants-intervenors.

### Memorandum and Order On Plaintiffs' Motion for an Injunction Pending Appeal

NEWMAN, Senior Judge:

### I.

Presently before the court is plaintiffs' application for an injunction pending appeal of this court's recent decision in *British Steel Corporation v. United States*, 12 CIT ——, 647 F.Supp. 928 (1986). Plaintiffs again seek to prevent defendants from liquidating any entries of stainless steel plate from the United Kingdom entered or withdrawn from warehouse for consumption on or after April 1, 1985 and exported prior to March 1, 1986 (hereinafter referred to as the 1985–86 entries). A temporary restraining order was issued by the court on October 23, 1986 and extended to November 12, 1986.

In 647 F.Supp. 928, this court denied plaintiffs' request for a preliminary injunction restraining liquidation of the 1985–86 entries pending a final decision on the merits of their claim that the Commerce Department has wrongfully refused to conduct an administrative review covering that time period. There, the court held that insofar as plaintiffs sought to raise a new cause of action relating to the refusal of Commerce to initiate an administrative review in accordance with section 751 of the Trade Agreements Act of 1979, 19 U.S.C. § 1675, covering the 1985–86 entries, such new claim could not now be "bootstrapped" into the present action which contests the final countervailing duty determination and order issued in 1983. The court, however, left it open for plaintiffs to pursue their new claim that Commerce is required to commence an administrative review covering the 1985–86 entries by instituting an action under 28 U.S.C. § 1581(i) and renewing their request to enjoin liquidation of the 1985–86 entries. 647 F.Supp. at p. 931. Plaintiffs state that they are not appealing from that aspect of the court's decision in 647 F.Supp. 928.

In 647 F.Supp. 928, this court also rejected plaintiffs' argument that apart from the issue of whether Commerce has wrongfully refused to conduct an administrative review of the countervailing duty order covering the 1985–86 entries pursuant to section 751, this court has jurisdiction in the current action under 19 U.S.C. § 1516a(c)(2) to enjoin liquidation of those entries pending a final decision on the merits. In essence, it is plaintiffs' firm conviction that irrespective of the administrative review procedures provided by section 751, the 1985–86 entries may ultimately be liquidated on the basis of the administrative record and final decision in the present action simply by now enjoining liquidation of the entries in accordance with § 1516a(c)(2). However, in 647 F.Supp. 928 this court agreed with defendants' and intervenors' position that the 1985–86 entries would be liquidated pursuant to the record and administrative proceedings conducted

under section 751, if such review were timely requested, and that absent such request, Commerce is required to liquidate those entries in compliance with its regulation 19 CFR § 355.10(d). The foregoing regulation directs that liquidation be made on the basis of the cash deposit rate at the time of entry in cases where no timely request for a section 751 review has been made.

Plaintiffs have appealed to the Court of Appeals for the Federal Circuit seeking review of the foregoing aspect of 647 F.Supp. 928 (part II thereof), and now request that this court issue an injunction pending appeal to prevent liquidation of the 1985–86 entries until the Court of Appeals has had an opportunity to complete its review. Defendants and intervenors oppose plaintiffs' request.

## II.

■ The court now addresses the oft-repeated traditional four criteria relevant to a request for injunctive relief. *See e.g. Zenith Radio Corp. v. United States*, 1 CAFC 74, 710 F.2d 806, 809 (Fed.Cir.1983); *S.J. Stile Associates, Ltd. v. Snyder*, 68 CCPA 27, 30, 646 F.2d 522, 525 (1981); *UST, Inc. v. United States*, 12 CIT —, 648 F.Supp. 1 (1986). The criteria employed in issuing an injunction pending appeal are substantially identical to those used in issuing a preliminary injunction. *Timken Co. v. United States*, 6 CIT 76, 81, fn. 7, 569 F.Supp. 65, 70, fn. 7 (1983).

Plaintiffs' request meets the irreparable harm criterion for granting injunctive relief. Liquidation of the involved entries by Customs clearly would moot the appeal of 647 F.Supp. 928. *Cf. Zenith Radio Corp.* and *Timken Co., supra.* If no injunction pending appeal were granted, and this court's decision in 647 F.Supp. 928 were

reversed by the Court of Appeals, plaintiffs would achieve only a "hollow victory". *Cf. J. Weingarten v. Potter*, 233 F.Supp. 833, 839 (S.D.Tex. 1964).

In the circumstances presented here, the court further holds it is sufficient that plaintiffs have raised questions which are "serious, substantial, difficult and doubtful", and plaintiffs need not show that there is a probability of success on the merits, particularly where, as here, the balance of equities weighs heavily in favor of granting injunctive relief. *Cf. Timken Co.* and cases cited therein. *See also American Air Parcel Forwarding Company, Ltd. v. United States*, 1 CIT 293, 515 F.Supp. 47 (1981).

There is no doubt that under 19 U.S.C. § 1516a(c)(2), liquidation of entries covered by a challenged countervailing duty determination may be enjoined pending judicial review. However, the precise issue raised by plaintiffs' application in 647 F.Supp. 928 is whether entries made in the 1985–86 time period, which could be the subject of an administrative review under section 751 if requested, may be enjoined in the pending court action contesting the underlying countervailing duty order. As is apparent, the 1985–86 entries sought to be enjoined were made several years after the time period and entries investigated by Commerce prior to the 1983 countervailing duty order, and that order has never been administratively reviewed respecting these 1985–86 entries.

■ The issue presented by plaintiffs' appeal is one of first impression because prior to 1984, administrative reviews under section 751 were automatically initiated by Commerce, whereas under the Tariff and Trade Act of 1984 such reviews are commenced only on the request of an interested party.[1] The 1984 amendment of section

---

1. Indeed, as pointed out in Slip Op. 86–104, pp. 3–4, Commerce is presently conducting annual reviews of the 1983 countervailing duty order as required by section 751 for the periods February 10, 1983 to March 31, 1984, and April 1, 1984 to March 31, 1985. When issued, the final results of these reviews may be challenged by plaintiffs and the liquidation of the entries cov-

ered by those reviews enjoined under 19 U.S.C. § 1516a. If, as plaintiffs previously claimed, they are entitled to an administrative review under § 751 covering the 1985–86 entries, plaintiffs again will have the opportunity to challenge any erroneous valuation methodologies Commerce employed by contesting the final results of that review. Plainly, this court would

751 was explicitly intended by Congress "to reduce the administrative burden on the Department of Commerce of automatically reviewing every outstanding order even though circumstances do not warrant it *or parties to the case are satisfied with the existing order*". H.R.Rep. No. 98–725, 98th Cong.2d Sess. 22–23, 1984 *U.S.Code Cong. & Ad.News* 4910, 5149 (emphasis added). Conversely, if an interested party is dissatisfied for any reason with an existing order, such party is required under section 751, as amended, to request an administrative review. Absent such a request, Customs is directed by regulation to assess duties on the entries in the relevant time period at rates equal to the cash deposit or bond required at the time of entry. 19 CFR § 355.10(d). In this court's view, Congress did not contemplate in its 1984 amendment to section 751 that a party dissatisfied with a 1983 countervailing duty order could bypass administrative review regarding 1985–86 entries and instead enjoin liquidation of such entries pending the court challenge to the countervailing duty order.

█ So far as the court is aware, this is the first instance in which the issue is presented as to whether in the absence of a section 751 administrative review covering the relevant time period, the court has jurisdiction to enjoin liquidation of entries falling within that review period. As previously mentioned, plaintiffs insist that pursuant to 19 U.S.C. § 1516a(c)(2), the presently pending court action challenging the countervailing duty order may serve as the underlying vehicle for obtaining injunctive relief covering the 1985–86 entries. The novel issue presented is of major importance in the administration of the countervailing duty law, and thus injunctive relief pending appellate review would serve the public interest.

Significantly, whereas on the one hand liquidation of the involved entries prior to resolution of plaintiffs' appeal would moot the appeal and cause irreparable injury to plaintiffs, granting injunctive relief pending appeal would not cause defendants, intervenors or the public any significant hardship. The subject merchandise has already been entered and cash deposits have been made. Hence, the balance of hardships tips decidedly in favor of plaintiffs.

In sum, plaintiffs have satisfied the four criteria for granting injunctive relief.

Accordingly, plaintiffs' request to enjoin liquidation of the 1985–86 entries pending an appeal of this court's decision in Slip Op. 86–104 is granted; an appropriate order will be entered concurrently herewith to that effect.

The court anticipates that plaintiffs will prosecute their appeal with reasonable expedition.

then have jurisdiction under § 1516a(c)(2) to enjoin liquidation of entries pending judicial review of the results of the administrative reviews.

At this juncture, the court wishes to observe that in an action where an interested party challenges certain negative aspects of a final affirmative countervailing duty determination (*i.e.* that certain programs do not constitute subsidies), these negative aspects would be judicially reviewable only in the action challenging the final affirmative countervailing duty determination and order; consequently, entries made in a subsequent annual review period may be enjoined in the action contesting the countervailing duty order. But those circumstances do not exist here.