**FUNDICAO TUPY S.A., and Tupy American Foundry Corporation, Plaintiffs,**

v.

**The UNITED STATES, Defendant,**

and

**Cast Iron Pipe Fittings Committee, Defendant–Intervenor.**

**Court No. 86–06–00765.**

United States Court of International Trade.

Sept. 1, 1987.

Freeman, Wasserman & Schneider, Bernard J. Babb, Patrick C. Reed and Jerry P. Wiskin, New York City, for plaintiffs.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, J. Kevin Horgan, Washington, D.C., for defendant.

Rose, Schmidt, Hasley & DiSalle, Peter Buck Feller and Lawrence J. Bogard, Washington, D.C., for defendant-intervenor.

Before WATSON, DiCARLO and TSOUCALAS, Judges.

## OPINION

PER CURIAM:

Plaintiffs seek an injunction pending appeal of the order in *Fundicao Tupy S.A. v. United States*, 11 CIT ——, 669 F.Supp. 437 (1987) (hereinafter "Slip. Op. 87–93"), *appeal docketed*, App. No. 87–1570 (Fed. Cir. Aug. 26, 1987), in which the Court denied plaintiffs' motion for a preliminary injunction. After evaluation of the relevant criteria, we grant the motion for an injunction pending appeal.

### Background

Presuming familiarity with Slip. Op. 87–93, we briefly review the pertinent history of this action. Plaintiffs commenced an action challenging the final determinations of the International Trade Administration ("ITA") and International Trade Commission ("ITC") which resulted in an antidumping order on malleable cast iron pipe fittings from Brazil. Plaintiffs challenge the ITA's decision to disallow "an adjustment to the home market price for a level of trade difference between the United States and the home market sales claimed by [plaintiffs because they failed to demonstrate] that [they] ha[d] incurred different costs in selling at different levels of trade in the home market." Malleable Cast Iron Pipe Fittings, Other than Grooved, from Brazil, 51 Fed.Reg. 10,897, 10,898 (Dep't Comm.1986) (final dumping determination). Plaintiffs also contest the ITC's decision to cumulatively assess the volume and impact

of Brazilian, Korean, and Taiwanese imports of the subject merchandise.

Under current law, an administrative review of an antidumping order is performed upon request. *See* 19 U.S.C. § 1675(a) (1982 & Supp. III 1985). Where, as in this case, no party requests a review, an administrative regulation, 19 C.F.R. § 353.53a(d) (1987), provides that entries are to be liquidated at rates equal to the cash deposit of estimated antidumping duties at the time of entry. Entries, once liquidated, are, of course, no longer subject to the effect of a subsequent decision of this Court. *See* 19 U.S.C. § 1516a(c)(1), (e) (1982).

As noted earlier, plaintiffs did not request a review. After the case had been fully briefed, and, except for oral argument, was ripe for decision, plaintiffs moved for injunctive relief. They sought to prevent the liquidation of entries, by operation of § 353.53a(d), that would have been the subject of the first administrative review had they requested that review. *See* 19 U.S.C. § 1516a(c)(2) (1982) (authorizing the Court to enjoin liquidation upon a "proper showing that the requested relief should be granted under the circumstances"). Plaintiffs did not attack the validity of the regulation. Instead, in support of their contention that the criteria for a preliminary injunction had been satisfied, plaintiffs urged that the "threat of being deprived of the full benefits of a favorable judgment—owing to the inability to recover duties assessed on a number of entries—is ... the irreparable harm facing plaintiffs in this action." *Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction* at 10–11. They further contended that the loss of judicial review as to the subject entries constitutes a "second form of irreparable harm." *Id.* at 11.

Defendant argued that the calculation of actual dumping duties occurs during an administrative review, and in the absence of a review, the regulations fix the amount of duties owed. Against this background, the potential loss of duties on entries made during a discrete time period is the ordinary and foreseeable consequence of the antidumping laws. *See Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction* at 13–15. As such, defendants contended, citing *Matsushita Elec. Indus. Co. v. United States*, 823 F.2d 505, 509 (Fed.Cir.1987), *petition for reh'g filed* (July 16, 1987), that the mere loss of money in this situation cannot cause plaintiffs immediate and irreparable harm. *Defendant's Opposition* at 14.

To summarize, we were presented with a motion for injunctive relief in a case, almost ready for decision, in which (a) liquidation would occur by operation of an assumedly valid regulation, and (b) plaintiffs had contested, *inter alia*, a determination of the ITA which presumably could be the subject of reconsideration in an administrative review.[1] We denied the motion noting that plaintiffs had chosen not to utilize a remedy previously available to them; namely, they had failed to request an administrative review. *See* Slip. Op. 87–93 at 439.

Plaintiffs notified this Court, on August 17, 1987, of their appeal of the decision in Slip Op. 87–93. The next day, Judge Watson stayed all administrative action with regard to the subject entries pending a decision on plaintiffs' motion for an injunction pending appeal. Following a hearing on this matter, we reserved decision on plaintiffs' motion.

### Discussion

The criteria for the issuance of an injunction pending appeal are identical to those for the issuance of a preliminary injunction. *UST, Inc. v. United States*, 11 CIT ——, ——, Slip Op. 87–17 at 5–6 (Feb. 20, 1987) [Available on WESTLAW, 1987 WL 6842]. The Court must consider whether plaintiffs have shown that (1) they will be immediately and irreparably injured; (2) that there is a likelihood of success on

---

**1.** For the first time, in connection with the instant motion, plaintiffs contend—and defendant vigorously disputes—that the ITA may not revisit the issue raised in the challenge to the final dumping determination. We note that this argument was not before the Court at the time the preliminary injunction was denied.

the merits; (3) that the public interest would be better served by the relief requested; and (4) that the balance of hardship on all parties favors plaintiffs. *Matsushita Elec. Indus. Co.*, 823 F.2d at 509.

In evaluating the four factors, a number of courts [2] have endorsed the principle that "the showing of likelihood of success on the merits is in inverse proportion to the severity of the injury the moving party will sustain without injunctive relief, i.e., the greater the hardship the lesser the showing." *American Air Parcel Forwarding Co. v. United States,* 1 CIT 293, 300, 515 F.Supp. 47, 53 (1981). Furthermore, with regard to injunctions pending appeal, where plaintiffs have raised questions which are "serious, substantial, difficult, and doubtful," they need not show that there is a probability of success on the merits, particularly where the balance of hardship favors granting the requested relief. *British Steel Corp. v. United States,* 10 CIT ——, ——, 649 F.Supp. 78, 80 (1986), *appeal dismissed as moot,* 632 F.Supp. 59 (Fed.Cir.1987); *see also American Grape Growers Alliance for Fair Trade v. United States,* 9 CIT 505, 507 (1985) (likelihood of success on appeal is a somewhat anomalous factor and may safely be given slight attention).

Guided by the decision in *British Steel,* 10 CIT at ——, 649 F.Supp. at 80–81, we determine that plaintiffs are entitled to the requested injunction pending appeal. In that case, an action was commenced challenging a final countervailing duty order. Plaintiff, British Steel Corp., sought to enjoin the government from liquidating later entries pending adjudication of the claim that the ITA wrongfully refused to conduct an administrative review. *British Steel,* 10 CIT at ——, 649 F.Supp. at 79. The court denied the preliminary injunction but granted an injunction pending appeal. *British Steel,* 10 CIT at ——, 649 F.Supp. at 81.

Here, as in *British Steel,* 10 CIT at ——, 649 F.Supp. at 80, absent an injunction pending appeal, plaintiffs would be irreparably harmed since liquidation of the subject entries would moot their appeal. Notwithstanding our denial of injunctive relief, plaintiffs have presented sufficiently substantial questions that warrant consideration by our appellate court. Also, the balance of hardship clearly favors plaintiffs. We note that cash deposits have been collected on the entries, and that at most, the decision to grant an injunction pending appeal will only delay liquidation. While needless delay is to be avoided, under the circumstances of this case, we believe that resolution of this issue at the appellate level is in the best interests of the public and all the parties involved.

We have held that plaintiffs have failed to make the appropriate showing for a preliminary injunction. Nonetheless, plaintiffs have raised a significant issue as to whether, under the facts of this case, the allegation of a partial loss of judicial review and the loss of a sum of money compels a finding of irreparable harm. *Cf. Zenith Radio Corp. v. United States,* 1 Fed.Cir. (T) 74, 78–79, 710 F.2d 806, 810–11 (1983) (in the context of an existing finding of injury to a domestic industry, liquidation, which would leave no entries subject to judicial review, would cause irreparable harm to domestic producer). In view of the decision in *Oki Elec. Indus. Co. v. United States,* 11 CIT ——, ——, 669 F.Supp. 480, —— (1987) (enjoining liquidation of entries made during the period from the date of preliminary dumping determination until the first anniversary month of the dumping order), as well as the balance of equities in this case, we believe that the *status quo* should be maintained. *See Washington Metro. Area Transit Comm'n,* 559 F.2d at 844–45. Hence, we grant plaintiffs' motion for an injunction pending appeal.

---

2. *See, e.g., UST, Inc.,* 11 CIT at ——, Slip. Op. 87–17 at 6; *Ceramica Regiomontana, S.A. v. United States,* 7 CIT 390, 395, 590 F.Supp. 1260, 1264 (1984); *cf. Chilean Nitrate Corp. v. United States,* 11 CIT ——, ——, Slip Op. 87–89 at 2 (July 29, 1987) [Available on WESTLAW, 1987 WL 1148] ("Although the exact treatment of the four factors has not been agreed to, the court deems it appropriate to weigh the factors together in a sliding scale manner.").