FUNDICAO TUPY S.A., AND TUPY AMERICAN FOUNDRY CORP., PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND CAST IRON PIPE FITTINGS COMMITTEE, DEFENDANT-INTERVENOR

Court No. 86–06–00765

(Dated March 16, 1988)

*Freeman, Wasserman & Schneider (Patrick C. Reed* and *Bernard J. Babb)* for plaintiffs.

*James M. Spears,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Elizabeth C. Seastrum,* Attorney, Commercial Litigation Branch); *Craig L. Jackson,* Attorney-Adviser, International Trade Administration, U.S. Department of Commerce; and *(Edwin J. Madai, Jr.* Attorney, Office of the General Counsel), U.S. International Trade Commission, for defendant.

MEMORANDUM OPINION AND ORDER

WATSON, DiCARLO, and TSOUCALAS, *Judges:* The plaintiffs move under Rules 7 and 62 of the Rules of this Court for a stay of the Court's judgment of January 12, 1988 (Slip Op. 88–3) and an injunction pending appeal of that decision. That final judgment rejected the plaintiffs' challenge to the administrative determinations which supported the issuance of an antidumping duty order against malleable cast iron pipe fittings from Brazil.

In *Fundicao Tupy S.A.* v. *United States,* 11 CIT 561, 669 F. Supp. 437 (1987), appeal dismissed, March 14, 1988, this Court denied plaintiffs' motion for a preliminary injunction because the plaintiffs did not request an administrative review under section 751 of the Tariff Act of 1930, as added by section 101 of the Trade Agreements Act of 1979, 19 U.S.C. § 1675 (1982 & Supp. III 1985). Later this Court granted an injunction pending appeal of that decision to the

Court of Appeals for the Federal Circuit. *Fundicao Tupy S.A.* v. *United States,* 11 CIT 635, 671 F. Supp. 27 (1987).

That appeal having now been dismissed and the associated injunction having been *ipso facto* dissolved, this Court is left only with the question of whether an injunction should issue to stay the liquidation of entries pending appeal of the final judgment on the merits.

The government argues that this Court lacks jurisdiction to enter an injunction, and even if the Court has jurisdiction, the plaintiffs' application does not meet the criteria needed to grant an injunction. These are the same arguments that this Court considered and rejected in granting the prior injunction. *Fundicao Tupy S.A.* v. *United States,* 11 CIT 635, 671 F. Supp. 27 (1987).

Not considered in this Court's earlier opinion is the plaintiffs' likelihood of success on the merits. Plaintiffs raise issues concerning cumulation and differences in level of trade. In the opinion which assigned this case to a three-judge panel, Chief Judge Re found the issues presented in this action as to the International Trade Commission's interpretation and application of a newly-enacted cumulation statute presented broad and significant questions of law as to the administration of the customs law and additional issues of major importance to this country's obligations under the General Agreement on Tariffs and Trade. *Fundicao Tupy S.A.* v. *United States,* 11 CIT 23, 652 F. Supp. 1538 (1987). An additional issue on the merits concerned the authority of the International Trade Administration of the Department of Commerce to determine what proof is necessary to adjust foreign market value whenever United States sales and home market sales occur in different commercial levels of trade, an issue of first impression in this Court.

Although the Court has upheld the government's positions on these issues of cumulation and level of trade, the Court cannot say that the plaintiffs have no likelihood of success in their appeal.

The Court adheres to its prior decision concerning the issues of balancing of hardships and the public interest.

In short, it appears that plaintiffs will be immediately and irreparably harmed by the liquidation of entries subject to the decision being appealed; no harm can come to the government from the granting of this injunction and the balance of public interest favors the granting of the injunction.

For these reasons and upon reading and filing plaintiffs' motion for a stay of judgment and an injunction pending appeal; upon the response of defendant, upon all papers and proceedings had herein, and upon due deliberation, it is hereby

ORDERED that the plaintiffs' motion be, and it hereby is, granted; and it is further

ORDERED that the judgment entered in this action on January 12, 1988 (Slip Opinion 88–3) be, and hereby is, stayed during the pendency of the appeal before the U.S. Court of Appeals for the Federal Circuit from that judgment, and it is further

ORDERED that the United States, its officers, agents, employees and delegees be, and hereby are, enjoined from liquidating entries of plaintiffs' merchandise that were entered between January 14, 1986 and April 30, 1987 and that are subject to the appeal before the U.S. Court of Appeals for the Federal Circuit from the judgment entered in this action on January 12, 1988 (Slip Opinion 88–3).

This Order shall be effective immediately.