The Court's order will be entered accordingly.

BRITISH STEEL CORP., ET AL., PLAINTIFFS *v.* UNITED STATES, ET AL., DEFENDANTS, ALLEGHENY LUDLUM STEEL CORP., ET AL., DEFENDANTS-INTERVENORS

Court No. 83-7-01032

(Dated June 13, 1988)

*Steptoe & Johnson* (*Richard O. Cunningham* and *Charlene Barshefsky Esqs.*, of counsel) for plaintiffs.

*John R. Bolton,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch and *Sheila N. Ziff, Esq.,* United States Department of Justice, Civil Division, for defendants.

*Collier, Shannon, Rill & Scott* (*Paul C. Rosenthal, Esq.,* of counsel) for defendants-intervenors.

*Stewart & Stewart* (*Terence P. Stewart, Esq.,* of counsel), for *Amicus* Bethlehem Steel Corp.

BERNARD NEWMAN, *Senior Judge:*

### INTRODUCTION

This action, with its somewhat tortuous history, has now been resolved by the parties' submission of a joint consent motion for dismissal with prejudice, based upon the Settlement Agreement appended to this memorandum. For informational purposes, the history of this case to date is briefly reviewed below.

### BACKGROUND

On April 27, 1983 the International Trade Administration, Department of Commerce (Commerce) published its final affirmative countervailing duty determination concerning *Stainless Steel Plate from the United Kingdom,* 48 Fed. Reg. 19048, finding that British Steel received various subsidies during the review period and accordingly imposed a duty of 19.31 percent ad valorem. *Ibid.* A final order was published on June 23, 1983, 48 Fed. Reg. 28690.

On July 21, 1983—approximately five years ago—British Steel filed the complaint in this action challenging the final determination and order. Plaintiffs' motion, pursuant to Rule 56.1(a) for an order directing submission for review upon the agency record, was

granted on January 12, 1984. *British Steel Corporation* v. *United States*, 7 CIT 1, 578 F. Supp. 421 (1984).

Thereafter, in *British Steel Corporation* v. *United States*, 9 CIT 85, Slip Op. 85–26, 605 F. Supp. 286 (March 8, 1985), the court sustained Commerce's subsidy determination, but in conformance with defendants' request, remanded the action to Commerce for certain redeterminations and recalculations bearing on the valuation of the subsidies. In due course, the Results of Remand were transmitted by Commerce to the court on September 9, 1985, and on October 9, 1985 plaintiffs challenged these results.

On March 31, 1986 in *British Steel Corporation* v. *United States*, 10 CIT 224, Slip Op. 86–37, 632 F. Supp. 59, *motion for rehearing pending (British Steel II)*, the court affirmed in part the remand results, but found Commerce's revised valuation methodologies unsupported by substantial evidence and contrary to law. Specifically, the court rejected Commerce's 15-year valuation methodology and the amortization of the loan forgiveness at 1981 interest rates. Hence, in *British Steel II*, the action was again remanded to Commerce for reconsideration of its revised valuation methodologies and for recalculation of the subsidy benefits.

On April 30, 1986 defendants moved for a rehearing of *British Steel II*. Subsequently, defendants sought and were granted an extension of time to submit their supporting legal memorandum until it could be ascertained whether a settlement of this litigation could be reached (Order of May 9, 1986). Additionally, pursuant to plaintiffs' motion, the court on May 28, 1986 rescinded the time-frame for the remand proceedings and ordered Commerce to perform its redeterminations within sixty days of the date of denial of defendants' motion for rehearing. In accordance with the court's order of May 9, 1986, the Government filed periodic status reports with the court in 1986.

During the pendency of the second remand in 1986, the United States and the European Communities entered into an arrangement concerning the importation of various steel products—including stainless steel plate—effective March 1, 1986. As a consequence of the foregoing arrangement, on August 14, 1986 Commerce revoked the countervailing duty order effective with respect to exports on and after March 1, 1986. 51 Fed. Reg. 29144.

On August 25, 1986 defendants filed a motion for: (1) vacatur of that part of the court's decision in *British Steel II* remanding the case to Commerce for reconsideration of its valuation methodologies and recalculation of the subsidy benefits; (2) vacatur of the court's order of May 28, 1986 modifying the time period for the remand; and (3) dismissing this action as moot. The predicate asserted in defendants' motion was that the action became moot by the revocation of the countervailing duty order and the then upcoming com-

pletion by Commerce of the first administrative review under 19 U.S.C. § 1675. Plaintiffs filed an opposition to defendants' motion.

On October 6, 1986 plaintiffs moved to enjoin liquidation of 1985–1986 entries of stainless steel plate from the United Kingdom. In *British Steel Corporation* v. *United States*, 10 CIT 661, Slip Op. 86–104, 647 F. Supp. 928 (October 17, 1986), the court denied plaintiffs' application for a preliminary injunction respecting liquidation of the 1985–86 entries, without prejudice to renewal. Plaintiffs then appealed Slip Op. 86–104 to the Federal Circuit, and on November 12, 1986 the court granted plaintiffs' application for an injunction pending appeal to prevent liquidation of the 1985–1986 entries until the Federal Circuit completed its review. *British Steel Corporation* v. *United States*, 10 CIT 716, Slip Op. 86–119, 649 F. Supp. 78 (Nov. 12, 1986).

On October 15, 1986 the court, pursuant to defendants' application, ordered the suspension of all proceedings in the present case pending disposition of defendants' vacatur motion and further ordered that in the event defendants' motion be denied, the court's order of May 9, 1986 (concerning settlement negotiations) would be reinstated effective immediately upon the entry of the order of denial. On December 19, 1986 the court denied defendants' vacatur motion without prejudice to renewal on completion of the appeal to the Federal Circuit. *British Steel Corp.* v. *United States*, 10 CIT 806, Slip Op. 86–136 (December 19, 1986).

On April 1, 1987 the Federal Circuit dismissed as moot the appeal from the denial of a preliminary injunction in Slip Op. 86–104. *British Steel Corporation* v. *United States*, Appeal No. 87–1050 (Fed. Cir. April 1, 1987) (unpublished). On April 24, 1987 defendants renewed their motion for vacatur of the remand and dismissal of the action. Following the directive of the Federal Circuit citing *United States* v. *Munsingwear*, 340 U.S. 36 (1950), this court vacated the portion of Slip Op. 86–104 that denied plaintiffs' application for a preliminary injunction. *British Steel Corporation* v. *United States*, 11 CIT 330, Slip Op. 87–55, 661 F. Sup. 68 (May 4, 1987).

On July 29, 1987 the court granted the parties' "Joint consent motion to suspend proceedings on defendants' renewal of motion for vacatur of remand and entry of final judgment dismissing the action." In support of the motion, the court was advised that plaintiffs and defendants were continuing to pursue settlement negotiations and would file a status report by September 10, 1987. On September 9, 1987, and periodically thereafter until the filing of the present joint consent motion, the parties filed with the court joint status reports concerning their negotiations. In these reports, the parties requested that proceedings on defendants' renewal motion for vacatur and dismissal not be "recommenced" and further that suspension of proceedings under the court's order of July 29, 1987 be maintained.

Finally, on May 25, 1988 the parties reached a settlement agreement and submitted the current joint consent motion and agreement.

ORDER

Based upon the Settlement Agreement appended hereto, which is self-explanatory, and the parties' joint consent motion to dismiss and for settlement agreement, and upon all other papers and proceedings herein, it is hereby

ORDERED that this action is dismissed, with prejudice.

---

### JOINT CONSENT MOTION TO DISMISS AND FOR STIPULATED AGREEMENT

Plaintiffs, British Steel Corporation and British Steel Corporation, Inc. (collectively "British Steel"); Defendants, the United States of America, and the Department of Commerce (collectively "the United States"); and Defendants-Intervenors, Allegheny Ludlum Steel Corporation, *et al.*, hereby move, pursuant to Rule 41(a)(2) of the Rules of the United States Court of International Trade, for an order dismissing this action, with prejudice, based on the Settlement Agreement annexed hereto.

---

### SETTLEMENT AGREEMENT

THIS AGREEMENT made this 25th day of May, 1988, between British Steel Corporation and British Steel Corporation, Inc. (collectively "British Steel");[1] and the United States of America, and the Department of Commerce ("the Department") (collectively "the United States"):

WITNESSETH:

WHEREAS, pursuant to an order entitled Stainless Steel Plate from the United Kingdom: Countervailing Duty Order, 48 Fed. Reg. 28690 (June 23, 1983) ("countervailing duty order") certain entries of stainless steel plate from the United Kingdom became liable for the assessment of countervailing duties; and

WHEREAS, British Steel and the Government of the United Kingdom dispute the findings made by the Department as to British Steel and specifically dispute the methodology used by the Department to value alleged subsidies received by British Steel and

---

[1]As used in this Agreement, "British Steel" means the corporations listed in this paragraph, their predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, and the officers, directors, employees, agents, and representatives of any of them.

WHEREAS, British Steel appealed the final countervailing duty determination and order to the Court of International Trade under 19 U.S.C. § 1516a, in an action styled *British Steel Corp.* v. *United States*, Court No. 87–07–01032; and

WHEREAS, the Department of Commerce conducted an administrative review under 19 U.S.C. § 1675 covering entries of stainless steel plate from the United Kingdom which were entered on or after February 10, 1983 and which were exported from the United Kingdom on or before March 31, 1984 ("first administrative review"), and published the Final Results of Administrative Review, 51 Fed. Reg. 44656 (December 11, 1986), from which British Steel appealed to the Court of International Trade in an action styled *British Steel Corp.* v. *United States*, Court No. 86–12–01584; and

WHEREAS, the parties wish to conclude the said actions pending in the Court of International Trade.

NOW, THEREFORE, in consideration of the foregoing and of the terms and conditions hereinafter set forth, the parties mutually agree as follows:

1. *Discharge of British Steel's Alleged Liability:*

Without admission of liability, British Steel has proposed the sum of *$194,266.98* as appropriate to discharge any alleged liability British Steel may have under the countervailing duty order and the first administrative review. The United States agrees to accept payment of this sum in full and final settlement of the alleged liability, except as otherwise specified in ¶2 of this Agreement.

2. *Payment by British Steel:*

British Steel will pay the sum of *$194,266.98* through the liquidation of entries subject to this agreement, which sum shall be apportioned among the entries in the following manner:

| Entry number | Date of entry | Liquidation amount |
|---|---|---|
| 83–103485 | 2/14/83 | $ 5,524.26 |
| 83–159272 | 3/04/83 | 383.18 |
| 83–201995 | 3/04/83 | 20,152.16 |
| 83–202320 | 4/23/83 | 23,248.52 |
| 83–308218 | 5/08/83 | 49,514.68 |
| 83–827386 | 2/17/83 | 95,444.18 |

The agreed sum of *$194,266.98,* so payable by British Steel, shall be offset by any cash deposits on the as yet unliquidated entries of stainless steel plate relating to entries which were the subject of both the countervailing duty order and the first administrative review.

Any other entries for the period subject to this agreement not listed above will be assessed, with appropriate interest, at a rate calculated by dividing the agreed upon sum of *$194,266.98* by the aggregate entered value for the entries listed above in this paragraph.

The resulting amount shall be offset by any cash deposits on the as yet unliquidated entries. The amount so payable shall be in addition to any other legally assessable duties.

### 3. *Privatization:*

In any future countervailing duty investigation(s) that may be commenced against products of British Steel, the Department will consider the effect of any sale of all or any part of British Steel Corporation[2] on any government benefits allegedly received by British Steel prior to any such transaction.

### 4. *Dismissal of Litigation:*

Within twenty calendar days following the execution of this Agreement, the parties hereto (with all other parties to the actions set forth in this clause) shall file Joint Consent Motion To Dismiss And For Stipulated Agreement in the United States Court of International Trade, in respect to the actions styled *British Steel Corporation* v. *United States,* Court No. 83–07–01032, and *British Steel Corporation* v. *United States,* Court No. 86–12–01584. This Agreement shall form the basis for such joint consent motions and a copy shall be appended to each joint consent motion and stipulation.

### 5. *No Admissions/No Preclusion:*

By entering into this Agreement, British Steel has not made, nor shall it be deemed to have made, neither for itself nor for the Government of the United Kingdom, any admission of any kind, including but not limited to (1) whether it has received, or the Government of the United Kingdom has provided, countervailable subsidies; and (2) the legality of the methodology used by the Department to value alleged subsidies received by British Steel.

Nothing in this Agreement shall be construed as precluding any of the parties hereto from raising in any future administrative proceeding, or judicial appeal therefrom, any issues raised in the actions dismissed pursuant to this Agreement.

---

[2]As used in this Clause, "British Steel Corporation" includes any limited liability company incorporated under the laws of any part of the United Kingdom, for the purpose, *inter alia,* of continuing as legal successor all or part of the business of British Steel. The parties further acknowledge that there are a number of ways legally to achieve a "privatization" of all or part of British Steel, and this Clause applies to any such "privatization," howsoever accomplished.