FLORAL TRADE COUNCIL OF DAVIS, CALIFORNIA, PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND ASOCIACION COLOMBIANA DE EXPORTADORES DE FLORES, ASSOCIATION OF FLORAL IMPORTERS OF FLORIDA, AND CFX, INC., DEFENDANT-INTERVENORS

Court No. 88–06–00398

(Decided July 5, 1988)

*Stewart & Stewart* (*Eugene L. Stewart, Terence P. Stewart, Charles A. St. Charles,* and *James R. Cannon, Jr.*), for plaintiff.

*John R. Bolton,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch (*Martha Reis*), Civil Division, United States Department of Justice, for defendant.

*Arnold & Porter,* (*Patrick F.J. Macrory, Daniel C. Esty*), for defendant-intervenors.

OPINION

RESTANI, *Judge:* On May 27, 1988 plaintiff filed this action challenging the United States Department of Commerce International Trade Administration (ITA) determination not to extend the requested annual review of an antidumping order to cover importers or brokers or unidentified foreign suppliers of those importers or brokers. On June 7, 1988 plaintiff sought a temporary restraining order enjoining the liquidation of unliquidated entries of fresh cut flowers from Colombia of the varieties covered by the relevant antidumping order. After considering plaintiff's moving papers and hearing defendant's opposition the court granted a temporary restraining order as to liquidation of unliquidated entries made during the specific period agreed to by the parties. Thereafter, Asociacion Colombiana de Exportadores de Flores (Asocolflores), the Association of Floral Importers of Florida (AFIF) and CFX, Inc., an importer, (intervenors) moved to intervene. No opposition to intervention was made and the court granted intervention at the hearing on preliminary injunction, which took place on June 22, 1988.

Plaintiff asserts that it has satisfied the four-part test for injunctive relief, but relies primarily on *Zenith Radio Corp.* v. *United States,* 710 F.2d 806 (Fed. Cir. 1983), which indicates that this court should enjoin liquidation where it will lose jurisdiction on mootness grounds, if liquidations proceed in the ordinary course. *Zenith* involved an annual review proceeding, thus, it is particularly instructive here, and it is because of the *Zenith* ruling that ITA, after originally opposing the restraining order, did consent to injunction of liquidation pending resolution of the merits.

Once *Zenith* is determined to be applicable, factors such as the balance of specific economic and commercial hardships do not normally control the outcome. Here intervenors made out a case of some hardship, but if plaintiff will be denied a remedy without the injunction, intervenor's hardship will not defeat the application for injunction.

Next, the court must always consider the public interest; once again the overriding public interest is in preserving the court's jurisdiction to resolve the dispute.

Finally, the court must consider whether plaintiff has raised a claim upon which it has a substantial possibility of obtaining relief. This involves resolution of several issues. One is jurisdictional. If the court has no jurisdiction to grant relief, plaintiff has no chance of success on the merits and the injunction may not issue.

Plaintiff argues that a decision not to grant an annual review is a reviewable decision under 19 U.S.C. § 1516a(a)(2) (1982 and Supp. IV 1986), and therefore, that 28 U.S.C. § 1581(c) (1982) provides jurisdiction. Alternatively, it argues that 28 U.S.C. § 1581(i) (1982) provides a basis for jurisdiction. Intervenors argue that there is no jurisdiction because this is an interlocutory decision of the type which Congress specifically wished to make unreviewable. Defendant takes no position on jurisdiction other than what may be implied by its consent to preliminary injunction.

The court sees nothing interlocutory about the subject determination. It finally denies annual review of aspects of the antidumping order, and without the injunction liquidations relating to the unreviewed aspects would occur. This is a final determination. It is reviewable under 19 U.S.C. § 1516a(a)(2)(B)(iii), and the court has jurisdiction under 28 U.S.C. § 1581(c). If for some reason, not immediately apparent to the court, jurisdiction does not lie under 28 U.S.C. § 1581(c), it surely lies under 28 U.S.C. § 1581(i). *British Steel Corp.* v. *United States,* 10 CIT 661, 647 F. Supp. 928, 930 (1986), *appeal dismissed as moot,* No. 87–1050 (Fed. Cir. Mar. 31, 1987) (due to intervening agency action), *vacated in part,* 11 CIT 330, 661 F. Supp. 68 (1987), *dismissed,* 12 CIT 558, Slip Op. 88–76 (June 13, 1988) (pursuant to settlement agreement).[1]

---

[1] As indicated at the hearing, plaintiff's motion to strike a certain exhibit is denied as the exhibit was before the decision-maker prior to its last action on the final determination under review.

Next, is the most difficult aspect of this case, does plaintiff have a substantial claim? Of crucial import are the statutory provisions providing for annual reviews and the regulations promulgated thereunder. 19 U.S.C. § 1675(a) (1982 and Supp. IV 1986) states that if a request for an annual review is made ITA *shall* review the amount of the antidumping duty. Presumably ITA may promulgate regulations regarding how a request is to be made, but it cannot promulgate regulations and apply them in a manner which prevents interested parties from obtaining reviews where Congress intended such reviews to go forward. Thus, the issue is how difficult can ITA make the task of obtaining review before its actions conflict with Congressional intent.

Here ITA has promulgated a regulation which requires an interested party to specify individual manufacture, producers or exporters covered by the order if it wishes the amount of antidumping duties on imports from such sources to be reviewed. 19 C.F.R. § 353.53a(a)(1) (1987). Intervenors state that plaintiff did not comply with the regulation. That is, plaintiff requested review in relation to certain producers, etc., which request was granted, but it also requested review of importers whom it alleged were selling at low prices. It did not say who the relevant suppliers were.

Plaintiff states it is difficult for it to know the source of the low-priced imports and that if ITA chooses not to conduct a review relating to a limited number of importers and brokers it has an obligation to accept plaintiff's request as a request to review all producers, etc., as any of them may be the source of the imports troubling plaintiff.

Intervenor argues that this is a post hoc rationalization of plaintiff's inadequate request. The court views plaintiff's interpretation as a reasonable interpretation of the request, and thus, the request may meet the regulation. If it does not satisfy the regulation, there is certainly an interesting question raised as to whether the regulation or its manner of application is inconsistent with the intent of Congress as evidenced by the provision for annual reviews upon request. To this point, ITA has taken no position on the merits. This is another indication to the court that a substantial question is raised.

Finally, intervenors object to the scope of the injunction, and propose that it be limited to the importers and brokers named by plaintiff in its review request. Plaintiff has proposed limiting the scope of the injunction to entries from those growers and exporters that supplied those importers and brokers, if intervenor would assist in providing the names, but now asserts that an injunction covering all relevant entries is necessary.[2] The government has opposed any limitation of scope of the injunction, reasoning that ITA's review

[2]In accordance with the statute, suspension of liquidation was imposed by the agency with respect to entries of imports supplied by producers or exporters specifically named by plaintiff. Certain other liquidations were suspended because of review requests by others.

necessarily will involve the whole range of producers, etc., if plaintiff is successful in its action, and further, that in contrast to the type of order more acceptable to intervenors, the broader injunction will ease administrative burdens. The court concludes that entering a form of injunction at this point which may result in differing rates of duties on imports from the same source for the same period is undesirable, if not unlawful. In addition, intervenors have neither proposed nor consented to a form of injunction which is demonstrably workable. Accordingly, injunction is granted in the form agreed to by defendant.