Slip Op. 07 - 148

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - -x
MITTAL STEEL POINT LISAS LIMITED,      :

                       Plaintiff, :

          v.                           :

UNITED STATES,                         :   Court No. 02-00756

                       Defendant, :
          -and-
                                       :
GERDAU AMERISTEEL CORP. *et al*.,
                                       :
          Intervenor-Defendants.
- - - - - - - - - - - - - - - - - - - - x


                Memorandum & Order

[Plaintiff's motion for an injunction pend-
 ing intervenor-defendants' appeal from
 amended final judgment herein denied.]


                              Dated:  October 11, 2007


     Steptoe & Johnson LLP (Mark A. Moran and Matthew S. Yeo)
for the plaintiff.

     Kelley Drye Collier Shannon (Paul C. Rosenthal, Kathleen W.
Cannon and R. Alan Luberda) for the intervenor-defendants.


          AQUILINO, Senior Judge:   The intervenor-defendants

have commenced an appeal to the U.S. Court of Appeals for the

Federal Circuit ("CAFC"), Docket No. 07-1552, from this court's

amended judgment that has been entered pursuant to its

slip opinion 07-106, 31 CIT ___, 495 F.Supp.2d 1374 (2007), familiarity with which is presumed.  While that entry was the result of plaintiff's earlier appeal to the CAFC, which vacated this court's judgment sub nom. Caribbean Ispat Ltd. v. United States, 29 CIT ___, 366 F.Supp.2d 1300 (2005), and remanded an issue for consideration by the defendant U.S. International Trade Commission ("ITC") and this court[1], come now counsel for the plaintiff ("MSPL") with a motion for an injunction pending intervenor-defendants' appeal[2],

> enjoining the U.S. Department of Commerce . . . and U.S. Customs and Border Protection . . . from issuing instructions to liquidate, or causing or permitting to be liquidated, all unliquidated entries of certain carbon and alloy steel wire rod ("CASWR") from Trinidad and Tobago that were: (1) subject to the antidumping . . . order on CASWR from Trinidad and Tobago that issued on October 29, 2002 ("AD Order") . . ., 67 Fed. Reg. 65945 . . .; and (2) produced and exported by MSPL and were entered, or withdrawn from warehouse, for consumption between October 1, 2003 and September 30, 2004, inclusive.

---

[1] See Caribbean Ispat Ltd. v. United States, 450 F.3d 1336 (Fed.Cir. 2006).

[2] On October 10, 2007, they also transmitted a Motion for Leave to File Update on Subsequent Developments and Reply to Defendant-Intervenors' Opposition to Plaintiff's Partial Consent Motion for Injunction Pending Appeal, which, under the circumstances, should be, and it hereby is, granted.

The motion reports consent on the part of government counsel but not by the intervenor-defendants.

I

Indeed, as the papers filed in opposition on their behalf point out, plaintiff's motion is problematic for a number of reasons:  To begin with, the court's amended judgment of July 6, 2007 affirms plaintiff's position (and, after remand, that of certain members of the ITC) that

>     an industry in the United States is not materially
>     injured or threatened with material injury by reason
>     of imports of certain wire rod from Trinidad and
>     Tobago that is sold in the United States at less than
>     fair value[.]

Ergo, those parties to this case have not appealed.

Second, neither the entries of merchandise that plaintiff's proposed injunction would protect nor the results of their AD Order administrative review pursuant to 19 U.S.C. §1675[3] are a predicate of the court's subject-matter jurisdiction over this case, which has entailed judicial review of the ITC's

---

[3]  See Notice of Final Results of Antidumping Duty Administrative Review: Carbon and Certain Alloy Steel Wire Rod from Trinidad & Tobago, 70 Fed.Reg. 69,512 (Nov. 16, 2005).

affirmative material-injury determination <u>sub</u> <u>nom</u>. <u>Carbon and</u>
<u>Certain Alloy Steel Wire Rod From Brazil, Canada, Germany,</u>
<u>Indonesia, Mexico, Moldova, Trinidad and Tobago, and Ukraine</u>, 67
Fed.Reg. 66,662 (Nov. 1, 2002).   Hence, neither the U.S.
Department of Commerce nor Customs and Border Protection, which
plaintiff's motion would enjoin, is or has been a party herein[4].

Stays pending appeals are a common form of interim,
injunctive relief.   <u>See</u> <u>generally</u> Federal Rule of Appellate
Procedure 8(a) and cases thereunder.   Nonetheless, it is not now
clear how such relief is absolutely necessary to protect the
plaintiff in this case from the amended final judgment already
entered on its behalf.[5]   Were the situation otherwise, the
plaintiff does recognize that the

> criteria for the issuance of an injunction pending
> appeal are identical to those for the issuance of a

---

[4]  According to the motion, the consent thereto by ITC
counsel was given only after consultation with the Office of
Chief Counsel for Import Administration, U.S. Department of
Commerce.

[5] The best counsel posit is the position Commerce apparently
has taken in another case if and when the CAFC were to affirm
the amended judgment herein.   <u>See</u> Plaintiff's Reply Memorandum,
p. 2.   <u>Cf</u>. <u>id</u>. at 3 ("MSPL reiterates its willingness to have
this Court issue an injunction to be effective only upon the
dissolution of the pending injunction issued in that [other]
case").

preliminary injunction. . . . This Court employs a four-prong test to determine whether an injunction should be granted. The Court balances: (1) whether the movant will suffer irreparable harm absent the requested relief; (2) the movant's likelihood of success on the merits; (3) whether the balance of hardships favors the movant; and (4) whether the public interest would be served by granting the requested relief.

Plaintiff's Memorandum, p. 9, citing Fundicao Tupy S.A. v. United States, 11 CIT 635, 637, 671 F.Supp. 27, 29 (1987); Zenith Radio Corp. v. United States, 710 F.2d 806, 809 (Fed.Cir. 1983). Suffice it to state with regard to these strict standards that this and other courts have not automatically equated economic loss of the kind the plaintiff projects in this instance[6] with "irreparable harm"[7], nor is it clear as to the merits that this court's amended judgment, if and when affirmed on appeal, would be enforced retroactively. See, e.g., Corus Staal BV v. United States, 31 CIT ___, Slip Op. 07-140 (Sept. 19, 2007). Cf. Plaintiff's Reply Memorandum, p. 2.

---

[6] See, e.g., Plaintiff's Memorandum, p. 4; Plaintiff's Reply Memorandum, p. 2.

[7] Cf. Plaintiff's Reply Memorandum, p. 6 ("so long as MSPL's entries remained suspended, any claim of irreparable harm was necessarily speculative").

Finally, both plaintiff's motion and intervenor-defendants' papers in opposition point to proceedings in CIT No. 05-00681 sub nom. Mittal Steel Point Lisas Ltd. v. United States, which have directly impleaded the results of the AD Order administrative review of the entries that concern the plaintiff. Those proceedings have given rise to an order of the kind MSPL now also seeks herein. It decrees that Commerce and Customs be

> ENJOINED, during the pendency of th[e] litigation, including any remands and all appeals, from making or permitting liquidation of any unliquidated entries of [MSPL] . . . CASWR[] from Trinidad and Tobago[.]

Plaintiff's Memorandum, Attachment 1, first page. Moreover, the court in that matter has issued slip opinion 07-120, 31 CIT ___ (Aug. 8, 2007), pursuant to which final judgment entered. And this court now notes in passing MSPL's notice on October 5, 2007 of an appeal from that judgment that extends the above-quoted order on its face and arguably provides MSPL with sufficient, immediate injunctive relief *vis-à-vis* its specified unliquidated entries.

II

In view of the foregoing, plaintiff's motion for an injunction pending intervenor-defendants' appeal herefrom should be, and it hereby is, denied.

So ordered.

Dated:  New York, New York
        October 11, 2007


                                    /s/ Thomas J. Aquilino, Jr.
                                         Senior Judge